## LAURITZ PETERSON v. TOWNSHIP OF MANCHESTER.[1]

April 17, 1925.

No. 24,344.

**On appeal from judgment, no review of erroneous instruction not excepted to.**

An erroneous instruction to the jury, even on a controlling proposition of law, cannot be reviewed upon an appeal from the judgment when appellant did not take an exception or move for a new trial.

*Headnote. See Appeal and Error, 3 C. J. p. 919, § 818; p. 980, § 891.

Lauritz Peterson appealed from an order of the town board of the township of Manchester, laying out and establishing a public

[1]Reported in 203 N. W. 432.

highway across his lands, to the district court for Freeborn county where the appeal was heard by Johnson, J., acting for the judge of tenth judicial district, who affirmed the order of the town board.

Affirmed.

*H. H. Dunn,* for appellant.

*John O. Peterson,* for respondent.

WILSON, C. J.

This is an appeal from a judgment affirming an order of a town board laying out a public road. The question of damages was submitted to a jury. No motion for amended findings nor for a new trial was made.

Appellant does not seek to review the sufficiency of the evidence, but he seeks to review only the instructions to the jury. He made no objections in the trial of the case to any part of the charge, and took no exception to any part thereof. It is our understanding that every ruling on the trial on a question of law, to which an exception has been taken, and any instruction to the jury, to which an exception has been taken, is reviewable on an appeal from a final judgment. DeBlois v. G. N. Ry. Co. 71 Minn. 45, 73 N. W. 637; Kelly v. Rogers, 21 Minn. 146; LeMieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586; Cincinnati Time Recorder Co. v. Loe, 152 Minn. 374, 188 N. W. 1011. This appeal involves only instructions to the jury to which no exception was taken. They are the same as assignments of error made in this court when not included in a motion for a new trial and such assignments have had the disapproval of this court. Petruschke v. Kamerer, 131 Minn. 320, 155 N. W. 205. Where the appeal is from a judgment upon trial by the court, though there is no motion for a new trial, it raises the question of the sufficiency of the evidence to sustain the findings. Cincinnati Time Recorder Co. v. Loe, supra. But it is not so in a jury case.

It is provided by statute that, by proper assignment of error in the giving of an instruction to which no exception is taken, a review may be had by making a specific assignment. G. S. 1923,

§ 9327. But this relates to a motion for a new trial or amended findings, either of which gives the trial court an opportunity to pass upon the question. This statute does not extend to appeals of this character. The rule that has come into our practice as a result of the statute not requiring an exception to an erroneous instruction on a controlling proposition of law, does not apply to an appeal from a judgment when no exceptions have been taken. Esterly-Hoppin Co. v. Burns, 135 Minn. 1, 159 N. W. 1069.

Judgment affirmed.