INDEPENDENT SCHOOL DISTRICT NO. 857, WINONA
COUNTY, AND OTHERS v. ANNA SEEM, COUNTY SUPER-
INTENDENT OF SCHOOLS, FILLMORE COUNTY,
AND OTHERS.

116 N. W. (2d) 395.

July 6, 1962—No. 38,347.

*Burkhardt & Dunlap* and *John McHardy,* for appellants.
*Holst, Vogel & Richardson,* for respondents.

ROGOSHESKE, JUSTICE.

Appeal from an order of the district court denying appellants'
blended motion for amended findings or a new trial after the district
court, upon appellants' challenge, had affirmed an order of the county
superintendent of schools of Fillmore County in a school district con-
solidation proceeding.

Respondents made a motion to dismiss the appeal on the grounds that it was taken more than 6 months after the entry of judgment and that proper notice of appeal was not served on the adverse parties. Initially, during summer adjournment, we denied that motion pending the filing of briefs and oral argument on the merits and "without prejudice to its renewal at the time of the hearing on the merits." Respondents now renew the motion.

The procedural history essential to a consideration of the motion to dismiss follows:

After trial and oral arguments in September, the court below rendered its decision on October 10, 1959. Notice thereof was served on appellants on October 21. A transcript of the evidence was ordered November 4, followed by a motion of appellants to stay the entry of judgment, which motion was heard on November 20 and denied by order dated November 23. Judgment was entered on December 8, 1959. After the transcript was received on February 6, 1960, and an order settling the case was entered on February 23, appellants' blended motion for amended findings or a new trial was heard on April 11, 1960. An order denying it was filed November 22, notice of entry thereof being served on November 30. On December 29, 1960, appellants served notice of appeal to this court. Respondents urge that, since the time for appeal from the judgment expired on June 8, 1959, we have no jurisdiction to review under the holding of Churchill v. Overend, 142 Minn. 102, 170 N. W. 919. Appellants acknowledge that the appeal was taken more than 6 months after entry of judgment but answer that a review of the procedural history discloses that "two long delays, neither of which were the fault of appellants," caused the appeal to be filed more than 6 months after entry of judgment and that to deny appeal under the circumstances "would work an inequitable hardship upon them."

The procedural question presented may be thus stated: Do we have jurisdiction to entertain an appeal taken from a postjudgment order made more than 6 months after entry of judgment where the intermediate motion on which such order was based was heard and submitted for decision within the 6-month period following entry of judg-

ment and the time to appeal from the judgment expired while the motion was under consideration by the court?

There is a long line of cases supporting the rule that under our statute an appeal will not be allowed from an intermediate order reviewable upon an appeal from a judgment if such appeal is taken more than 6 months after entry of judgment. The first cases dealt with interlocutory orders made prior to the entry of judgment and appeals attempted more than 6 months after entry thereof. In Lawver v. G. N. Ry. Co. 110 Minn. 414, 125 N. W. 1017, an appeal from an order granting judgment notwithstanding the verdict, made before judgment was entered but taken more than 6 months thereafter, was denied even though the required notice of filing the order was never given. Such a prejudgment order denying a motion for a new trial was also declared not appealable because it was attempted more than 6 months after entry of judgment. Harcum v. Benson, 135 Minn. 23, 160 N. W. 80. In dismissing the appeal we stated in that case (135 Minn. 24, 160 N. W. 80):

"* * * Many cases hold that, since all proceedings in the case are merged in the judgment, no appeal will lie after judgment from any interlocutory order which is reviewable on appeal from the judgment. * * * What we * * * decide is that the right of appeal from such an order does not survive the expiration of the right of appeal from the judgment. * * *

"Whether this principle has application to appeals from orders made subsequent to the judgment, we do not decide."

The question left open in the Harcum case was encountered in Churchill v. Overend, *supra*. In that case the postjudgment order denying a new trial was, as here, made more than 6 months after entry of judgment. The hearing on the intermediate motion was delayed by consent of the parties and occurred after the 6-month period from the entry of judgment had passed. We dismissed the appeal in these words (142 Minn. 103, 170 N. W. 920):

"* * * We hold that by an appeal from an order denying a new trial, taken after the judgment in the case has become free from attack

by appeal, an indirect attempt is made to accomplish that which cannot be done directly. We think this should not be permitted."

Underlying these decisions is the principle of finality of judgments. In the Churchill case the principle of merger could not apply since the motion was not heard until the time to appeal from the judgment had run. But we there recognized that an indirect attack on a judgment which is itself free from attack should not be allowed.

Appellants strongly insist that dismissing the appeal would cause hardship without fault and, understandably, since filing an appeal from the judgment while the court still had the motion under consideration not only would have been unseemly but would have been meaningless if the court had made a determination in their favor. This may all be, but it must be borne in mind that it was appellants' free choice not to file an appeal from the judgment nor to move for vacation of the judgment to forestall its repose.

The real issue here is whether we can deviate from the principle of finality of judgments where the delay in hearing and determination of the intermediate motion was not caused by the parties.

We have recently held that even though unsuccessful steps were taken to vacate an appealable order to prevent the time of appeal from expiring, we were nevertheless deprived of jurisdiction to review an order denying a new trial which was neither vacated nor appealed within 30 days after notice as prescribed by Minn. St. 605.08. Tryggeseth v. Norcross, 262 Minn. 440, 115 N. W. (2d) 56. In that case, the appellants moved for a new trial after verdicts for respondent. Their motion was heard on February 6, 1961. The order denying it was filed on March 10, and notice was served upon appellants on April 3. On April 3, argument was heard on a second motion brought to vacate the order of March 10 and for rehearing on the motion for a new trial. Counsel, aware that the time limit was running out on the first order, wrote advising the court that it should vacate the first order and requesting an order to that effect. The court deferred ruling until after further hearing on April 17. The hearing was continued until April 29, the first order still not having been vacated, and the final order was entered May 8, denying the requested vacation of the first

motion and dismissing the second. As in the instant case, the hearing was had before the time had expired, but the court's determination was made after the time to appeal from the unvacated order had expired. There also, the delay was not caused by any act of the parties.

We there refused to deviate from the rule established in Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. We reiterated that to allow an appeal from such an unvacated order would (262 Minn. 442, 115 N. W. [2d] 58) "permit a circumvention of the statute limiting to 30 days the period in which to appeal from a final order."

We cannot escape the conclusion that the underlying principles enunciated in these cases should apply, possibly with greater force, to a postjudgment order of the type before us. Although the appeal statutes are liberally construed so that the right of appeal be not foreclosed, this court cannot assume jurisdiction where there is none.[1] In The Jesmer Co. v. Wurdemann-Hjelm Corp. 250 Minn. 485, 488, 85 N. W. (2d) 207, 209, we held:

"The limitation of time within which an appeal may be taken is jurisdictional under our statutory provisions. We have held that the supreme court has no authority to do more than dismiss an appeal taken after the statutory time and that neither the supreme court nor the district court can extend the time for an appeal. In applying that rule we have said that the limitation of time is so far jurisdictional that the parties cannot waive the objection or by stipulation clothe the supreme court with authority to determine a belated appeal."

The statute "contemplates that a judgment not appealed from shall repose after the time allowed by law to appeal from it has expired." Harcum v. Benson, 135 Minn. 24, 160 N. W. 80.

We therefore hold that we have no jurisdiction to entertain an appeal from an intermediate postjudgment order reviewable on appeal from the judgment where such appeal is taken more than 6 months after the entry of judgment.

Since the appeal must be dismissed we are precluded from render-

---

[1]Tombs v. Ashworth, 255 Minn. 55, 95 N. W. (2d) 423; Kelsey v. Chicago, R. I. & P. R. Co. 262 Minn. 219, 114 N. W. (2d) 90.

ing a decision on the merits. However, in view of the procedure adopted, under which arguments on the merits were presented as well as on appealability, we feel obliged to express our belief that, had the appeal been timely, we would have upheld the decision below.[2] Appellants argued that the three methods provided in Minn. St. 1957, § 122.018, subd. 2, for initiating a consolidation proceeding are jurisdictional.[3] Under the 1957 recodification of the existing school laws the county superintendent has the authority and duty to prepare a plat, but we do not believe that the legislature intended these preliminary steps to be jurisdictional. The plat appears to be a jurisdictional necessity but not the various procedures preceding its preparation. The language added by the 1957 recodification which relates to the two methods by which the county superintendent must act—if other than upon such officer's own initiative—appears to be, as the recodification commission declared, merely "a much needed clarification."[4] If the legislature intended otherwise, it could easily have treated these methods the same as the requirements of § 122.018, subd. 1, which were declared to be "jurisdictional" by subd. 3(d) of that section.[5] None of the other irregularities claimed appears to be prejudicial under our prior decisions.

Appeal dismissed.

---

[2] 1 Dunnell, Dig. (3 ed.) § 465; In re Order of Superintendent of Schools, Nobles County, 239 Minn. 233, 58 N. W. (2d) 465.

[3] Minn. St. 1957, § 122.018, subd. 2, provided in part:

"Acting on his own initiative or upon a resolution of a school board in the area proposed for consolidation or upon receipt of a petition therefor executed by 25 percent of the voters resident in the area proposed for consolidation or by 50 such voters, whichever is lesser, the county superintendent of the county which contains the greatest land area of the proposed new district shall cause a plat to be prepared."

Section 122.018 was repealed by Ex. Sess. L. 1959, c. 71, but reenacted in the same act. It is now Minn. St. 122.23.

[4] Report of the Education Laws Commission to the 1957 Legislature, p. 22.

[5] Now Minn. St. 122.23, subds. 1 and 3(d).