HONEYMEAD PRODUCTS COMPANY AND ANOTHER v.
AETNA CASUALTY AND SURETY COMPANY AND OTHERS.

132 N. W. (2d) 741.

January 15, 1965—No. 39,609.

*Doherty, Rumble & Butler, Richard J. Leonard, Eugene M. Warlich,
Dorsey, Owen, Marquart, Windhorst & West,* and *Peter Dorsey,* for
appellants.

*Clausen, Hirsh, Miller & Gorman, John P. Gorman, Faegre & Ben-
son, Wright W. Brooks, Gallagher, Farrish & Zimmerman, Miles B.
Zimmerman,* and *James H. Manahan,* for respondents.

OTIS, JUSTICE.

Defendants move to dismiss this appeal from an order denying plain-
tiffs' motion for judgment n. o. v. or a new trial entered after the time
to appeal from defendants' judgment had expired.

A verdict for defendants was rendered on March 11, 1964, and the
clerk of court in violation of Rule 77.04, Rules of Civil Procedure,
entered judgment in their favor on March 12 without notice to any of
the parties,[1] there being no order or agreement for a stay. A timely

---

[1]See, Tombs v. Ashworth, 255 Minn. 55, 60, 95 N. W. (2d) 423, 426.

motion for judgment n. o. v. or a new trial was served by plaintiffs on March 25 and argued on April 13, 1964. Although the period to appeal from the judgment had expired on June 10, the order denying plaintiffs' motion was not entered until July 1, at which time neither plaintiffs nor defendants were yet aware of the entry of judgment. Notice of appeal from the order was served on July 31, 1964.

The single issue for determination is whether Minn. St. 605.08 as amended by L. 1963, c. 806, § 7, was intended to overrule our decisions in Churchill v. Overend, 142 Minn. 102, 170 N. W. 919 (1919), and Independent School Dist. No. 857 v. Seem, 263 Minn. 170, 116 N. W. (2d) 395 (1962), which held that appeals from *post*-judgment orders denying a new trial may not be taken after the time to appeal from the judgment has expired. Harcum v. Benson, 135 Minn. 23, 160 N. W. 80 (1916), determined that under what is now § 605.08, subd. 1, this rule applied to *pre*judgment orders. The rationale of these decisions was the expressed policy of achieving finality and repose with respect to judgments.

As amended by the addition of subd. 2 in 1963, § 605.08 now provides:

"Subdivision 1. An appeal from a judgment may be taken within 90 days after the entry thereof, and from an order within 30 days after service of written notice of the filing thereof by the adverse party.

"Subd. 2. No order made prior to the entry of judgment shall be appealable after the expiration of time to appeal from the judgment. Time to appeal from the judgment under this section shall not be extended by the subsequent insertion therein of the costs and disbursements of the prevailing party."

Defendants argue that subd. 1 having been reenacted without change except to reduce the 6-month period to 90 days, the following canons of construction apply (Minn. St. 645.17[1, 4]):

"(1) The legislature does not intend a result that is absurd, impossible of execution, or unreasonable.

\* \* \* \* \*

"(4) When a court of last resort has construed the language of a

law, the legislature in subsequent laws on the same subject matter intends the same construction to be placed upon such language."

To the same effect with respect to par. (4) is Western Union Tel. Co. v. Spaeth, 232 Minn. 128, 132, 44 N. W. (2d) 440, 442. Plaintiffs, on the other hand, stress the fact that the 1963 law describes Minn. St. c. 605 as a "code," a designation which this court, speaking through Mr. Justice Mitchell, has said connotes a systematic and complete body of statutory law upon one general subject in a single act. Johnson v. Harrison, 47 Minn. 575, 578, 50 N. W. 923, 924. From this premise plaintiffs reason that § 605.08 now includes all of the law on the subject and has therefore abrogated the Churchill and Seem decisions. Moreover, plaintiffs point out that by expressly limiting the time for appeals from prejudgment orders in subd. 2, under the doctrine of "expressio unius est exclusio alterius"[2] the legislature is deemed to have intended that appeals from postjudgment orders be not similarly affected. The parties argue at some length the necessity for securing rulings on postjudgment motions and for appealing from orders denying new trials in order to preserve issues which plaintiffs assert cannot be raised on appeals from judgments.[3]

It has been suggested that when a postjudgment motion has not been determined by the time the period for appeal from the judgment is about to expire, the judgment may be appealed and thereafter if an order granting a new trial is to be entered the matter may be remanded to restore the trial court's jurisdiction.[4] If the new trial is denied, an appeal from the order may be consolidated with that from the judgment.

The draft of § 605.08, subd. 2, was prepared before Seem but long after Churchill and Harcum. It was enacted after Seem was decided.

---

[2]Martinco v. Hastings, 265 Minn. 490, 495, 122 N. W. (2d) 631, 637; 17 Dunnell, Dig. (3 ed.) § 8980.

[3]Peterson v. Township of Manchester, 162 Minn. 486, 203 N. W. 432; Heise v. J. R. Clark Co. 245 Minn. 179, 191, 71 N. W. (2d) 818, 826. But see Minn. St. 605.05, subd. 2, under which this court "may review any other matter as the interests of justice may require."

[4]See, State v. Barnes, 249 Minn. 301, 303, 81 N. W. (2d) 864, 866.

The only clue we find to the drafters' intent is expressed in the 1958 report of the Minnesota Judicial Council[5] as follows:

"The second subdivision is new. The first sentence limits the time to appeal from a pre-judgment order even though no notice of the filing of the order may have been given. All such orders cease to be appealable if time to appeal from the judgment has run. *Orders made subsequent to the judgment are not affected.*" (Italics supplied.)

We cannot discern from these comments whether the drafters meant that postjudgment orders are not affected in any way by the statute and therefore the Churchill rule remains in effect; or whether they meant that although under subd. 2 of the statute prejudgment orders cease to be appealable if time to appeal from the judgment has run, orders made subsequent to the judgment are not *similarly* affected and thus their only limitation is the 30-day period set forth in subd. 1.

In the final analysis, we are faced with the indisputable fact that in 1958, when the statute was drafted, neither prejudgment nor postjudgment orders were appealable after the time to appeal from the judgment had elapsed. Hence, there was no purpose in enacting subd. 2 unless a modification was contemplated. "The adoption of an amendment raises a presumption that the legislature intended to make some change in the existing law." Western Union Tel. Co. v. Spaeth, 232 Minn. 128, 132, 44 N. W. (2d) 440, 442. It is entirely possible that in 1963 the legislature added subd. 2 to ameliorate the harsh effect of the Seem doctrine, which in that case prevented the review of an order denying a new trial because of the dilatoriness of the trial court in ruling on appellant's motion. Since subd. 2 did not affect the then-existing rule as to prejudgment orders, we infer it must have been intended to change the law with respect to postjudgment orders. We therefore hold that the time within which to appeal the order denying a new trial in the instant case was limited only by subd. 1. Accordingly, the motion to dismiss the appeal is denied.

While we believe the conclusion we reach is inescapable, nevertheless for reasons which were well stated in the Churchill and Seem de-

[5]Printed in Minn. Session Law Service, 1958, No. 1, p. 16.

cisions we are not in accord with the implications of the 1963 amendment and are of the opinion that the interests of justice will better be served if the legislature restores the previous limitations on appeals of this kind, at the same time requiring that the notice specified in Rule 77.04 be made mandatory.

The motion to dismiss the appeal is denied.

KNUTSON, CHIEF JUSTICE (dissenting).

I dissent. It is clear from the comments of the committee drafting the 1963 code that there was no intention of changing existing law as to postjudgment orders. I do not know how the language could have been made more clear nor do I see any necessity for reading ambiguity into it.

MR. JUSTICE SHERAN took no part in the consideration or decision of this case.