## BROWN'S BAY MARINE CORPORATION v. HARRY SKRYPEC AND OTHERS.

136 N. W. (2d) 590.

July 9, 1965—No. 39,564.

*Henretta, Muirhead, Oberg & Davidson, William C. Kelly,* and *John A. Muirhead,* for appellant.

*Dorfman, Rudquist, Jones & Ramstead,* for respondents.

SHERAN, JUSTICE.

Appeal from an order of the district court vacating judgments entered in favor of plaintiff.

On January 10, 1964, the Honorable D. E. LaBelle made and entered findings of fact, conclusions of law, and order for judgment in each of two separately asserted causes of action based on evidence heard by him during the period of May 6 to 9, 1963. In one instance he found that plaintiff was entitled to recover from defendants Harry Skrypec and Shirley Skrypec money paid on account of a contract for deed induced by fraud. In the other he found that plaintiff was entitled to recover from defendants Harry Skrypec and Bernard W. May both actual and punitive damages caused by fraudulent representations. By the terms of each order, judgment was directed but entry was stayed for 30 days.

On January 21, 1964, the attorney then representing the defendants served a notice of motion to be heard on February 4, 1964, for amended findings or, in the alternative, for a new trial in both matters. The hearing on this motion was continued and finally submitted on April 6, 1964.

The stay of proceedings expired February 10, 1964, and on February 20, without notice, separate judgments were entered as ordered.

On May 18, 1964, the attorneys now representing Harry Skrypec and Shirley Skrypec were substituted for the attorney who had previously acted for them.

On May 20, 1964, upon application of Mr. Leo Dorfman, one of the attorneys who had taken over the case, the Honorable John A. Weeks, Judge of District Court, Hennepin County, issued an order providing in part as follows:

"1. That the judgment made and entered on February 20, 1964, in favor of the plaintiff, Brown's Bay Marine Corporation, and against the defendant Harry Skrypec * * * and, the judgment made and en-

tered on February 20, 1964, in favor of the plaintiff Brown's Bay Marine Corporation and against the defendants Harry Skrypec and Shirley Skrypec * * * be and hereby are vacated, together with all proceedings including the sheriff's execution sale pursuant thereto.

"2. That the entry of judgment in favor of the plaintiff pursuant to the order for judgment dated January 10, 1964, by the Honorable D. E. LaBelle be and hereby is stayed until thirty (30) days after a determination by Judge LaBelle of the alternative motion for amended findings or for a new trial, which he now has under advisement."[1]

In lieu of the security afforded by the judgment, defendants Skrypec were restrained from transferring certain described real estate without first providing an approved supersedeas bond.

If this order from which the appeal has been taken is to withstand attack, justification for it must be found in the verified petition and affidavit filed in support of the motion to vacate.

Defendants Skrypec in their verified petition averred:

"On January 10, 1964, the Honorable D. E. LaBelle, the judge who presided at the trial of the within actions made and entered his findings of fact, conclusions of law and order for judgment awarding judgment to the plaintiff Brown's Bay Marine Corporation against defendants in each of said actions. Said order for judgment provided for a stay of thirty (30) days in each of said cases. On January 21, 1964, the defendants Harry Skrypec and Shirley Skrypec and the defendant Bernard W. May moved the Court for an order amending the findings of fact, conclusions of law and order for judgment, or in the alternative for a new trial. Said motion was noticed for February 4, 1964, but thereafter continued by the Court and heard on April 6, 1964. * * *

"That subsequent to the hearing on April 6, 1964, memorandums and briefs were submitted by these defendants to the Court. The Court still has said motion under advisement and has not as yet rendered a decision.

---

[1] Had paragraph 2 of the order of Judge Weeks issued before entry of the judgment, the situation would be within the authority of the district court as provided by Rule 58.02, Rules of Civil Procedure.

"On May 18, 1964, the petitioners retained the firm of Dorfman, Rudquist, Jones and Ramstead as their attorneys * * *. Your petitioners were further advised by Mr. Dorfman that unless said judgments [i. e., of February 20, 1964] were vacated on or before May 20, 1964, your petitioners as defendants would be unable to review in the Supreme Court any decision made by Judge D. E. LaBelle on the pending motions for amended findings or for a new trial; that they would thereby be without a remedy to secure a final determination in said action.

\* \* \* \* \*

"That petitioners have been advised by their attorney that Judge D. E. LaBelle is currently hospitalized and the date of his return is presently unknown; that the alternative motions cannot possibly be decided until the judge is physically able to resume his duties.

"Petitioners are further advised by their attorney Mr. Dorfman that when the judgments were entered on February 20, 1964, no notice of the entry of the judgments was served by the Clerk of the District Court as required by the Court Rules nor was any notice of the contemplated entry of judgment ever served * * *."

The alternative motions for amended findings or for a new trial in each of the matters remain undecided. The illness from which Judge LaBelle was suffering as indicated by the foregoing affidavit terminated with his death on May 23, 1964.

Rule 60.02, Rules of Civil Procedure, which defines the power of the district court to vacate judgments in cases where jurisdiction over the person is not disputed and there is no claim that the judgment was produced by a fraud upon the court, provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)

the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *"

It is clear that the verified petition and affidavit do not make a factual showing which could support an order vacating a judgment for any of reasons (1) through (5) in Rule 60.02. The theory of defendants at the time the motion to vacate the judgment was submitted must have been that the anticipated loss of the possibility of appellate review of the findings, conclusions, and order for judgment with respect to each of the causes of action constituted a "reason justifying relief from the operation of the judgment" within the meaning of reason (6) of Rule 60.02. This concern of the defendants was based upon their interpretation of Minn. St. 605.08, then and now in force, which reads:

"Subdivision 1. An appeal from a judgment may be taken within 90 days after the entry thereof, and from an order within 30 days after service of written notice of the filing thereof by the adverse party.

"Subd. 2. No order made prior to the entry of judgment shall be appealable after the expiration of time to appeal from the judgment. Time to appeal from the judgment under this section shall not be extended by the subsequent insertion therein of the costs and disbursements of the prevailing party."

■ Plaintiff argues that the vacation of a judgment can never be justified when the sole object of the proceedings to vacate is to secure an extension of the time within which to seek appellate review.[2]

The most recent decision of this court pertaining to the authority of the district court to vacate a judgment in a civil action in order to permit appeal is Tombs v. Ashworth, 255 Minn. 55, 95 N. W. (2d) 423, where the earlier Minnesota decisions and the relevant statutes and sections of the Minnesota Rules of Civil Procedure are reviewed. In that case it was held that the district court has no power to extend

[2] See, Tombs v. Ashworth, 255 Minn. 55, 95 N. W. (2d) 423.

the time for appeal from a judgment by vacating the same after the time for appeal has expired and reentering the same, even though the clerk of the district court fails to serve notice of entry of the judgment as required by Rule 77.04. While the case before us is distinguishable from Tombs v. Ashworth, *supra,* in that here the judgment was vacated before the time to appeal had expired, it is highly doubtful that the reasoning supporting decision in the Tombs case would permit a difference in result depending on the time the motion is made when the clear purpose of the motion, and the only reason given in justification of it, is to extend the time for appellate review of an anticipated order of the district court.

■ If there be doubt that Tombs v. Ashworth, *supra,* required reversal, the doubt is resolved when we consider that in this case the sole reason advanced in support of the order (i. e., possible loss of the right to appeal from an anticipated order denying the motions for amended findings, conclusions of law, and order for judgment or for a new trial) does not in fact exist. This is so because of the decision in Honeymead Products Co. v. Aetna Cas. & Surety Co. 270 Minn. 147, 132 N. W. (2d) 741, decided January 15, 1965.

In the Honeymead case the sequence of relevant events was: (a) The jury returned a verdict for defendants; (b) judgment was entered; (c) plaintiff moved for a new trial; (d) the time for appeal from the judgment expired; (e) an order denying the motion for a new trial was entered and an appeal therefrom was attempted. Responding to defendants' motion to dismiss the appeal upon the ground that expiration of time to appeal from the judgment terminated this court's power to review the denial order, it was held that an appeal from an order denying a new trial made subsequent to the entry of judgment is not barred merely because the time to appeal from the judgment has expired. The rationale of the decision in Honeymead was this three-step reasoning process:

(1)    Before the adoption of § 605.08, subd. 2, in 1963, the expiration of the time to appeal from a judgment barred review of (a) orders made *prior* to the entry of judgment and (b) orders made *after* such entry.

(2)   By the terms of § 605.08, expiration of the time to appeal from a judgment bars appellate review of orders "made *prior* to the entry of judgment." (Italics supplied.)

(3)   This specific reference to the effect of the expiration of the time to appeal from a judgment on prejudgment orders implies a legislative intent to permit appellate review of postjudgment orders notwithstanding expiration of the time to appeal from the judgment.

The sequence of significant events in the instant case differs from that outlined in Honeymead in that here the motion for a new trial was made before the entry of the judgment and, although the time to appeal from the judgment has expired, disposition of the motion has not yet been made. But the rationale of the decision is equally applicable. A party who has been diligent or fortunate enough to make his motion before entry of the judgment should not receive less favorable treatment than one who has moved for a new trial after the entry of the judgment, both being precluded from appealing from an unfavorable decision by the failure of the trial court to make prompt disposition of it. And the circumstance that here there has been no decision with respect to the motion for a new trial cannot justify a result different from that reached in the Honeymead case. This is so because if the motion for a new trial is ultimately granted, defendants will have no reason to appeal. But if the motion is denied, they will be in the same situation as the appellant in the Honeymead case in seeking review of a postjudgment order made after the expiration of the time to appeal from the judgment.

■   From what has been said, it follows that the apprehended loss of appellate review is illusory. What has proved to be a groundless concern cannot be a "reason justifying relief from the operation of the judgment" within the meaning of Rule 60.02.

Since argument of this appeal, we have held that an order vacating a judgment is no longer appealable as of right. Ginsberg v. Williams, 270 Minn. 474, 135 N. W. (2d) 213.[3] We have exercised our discre-

---

[3] An amendment enacted by the 1965 legislature (L. 1965, c. 607) includes a provision which will again make such orders appealable.

tion to review the order (see authorities cited in footnote 4 of the Ginsberg case) only because our decision in Honeymead Products Co. v. Aetna Cas. & Surety Co. 270 Minn. 147, 132 N. W. (2d) 741, was not filed until after the appeal was perfected. In the ordinary case this appeal would be dismissed and a respondent could tax costs. In that respect, no harm is done to plaintiff if we consider the problem on the merits and reverse the order of the trial court. The effect of reversal, however, will be to reinstate the judgment. Therefore, in order to enable defendants to apply to the district court for an order staying execution until the ultimate resolution of the motion for a new trial, the operative effect of this decision is stayed for a period of 10 days after remand of this matter to the District Court of Hennepin County to permit defendants to make appropriate application for a stay of execution and to provide a supersedeas bond in such amount as the district court shall direct.[4]

Reversed and remanded.

KNUTSON, CHIEF JUSTICE (concurring specially).

Inasmuch as I am bound by Honeymead Products Co. v. Aetna Cas. & Surety Co. 270 Minn. 147, 132 N. W. (2d) 741, I concur in the result.

---

[4]See, Rule 62.01, Rules of Civil Procedure; 18 Dunnell, Dig. (3 ed.) § 8999a; 127 A. S. R. 707; 49 C. J. S., Judgments, § 531; 30A Am. Jur., Judgments, § 563.