Terrance ALHOLM, Appellant,

v.

Richard E. WILT, d.b.a., Lakeside Bar, Respondent,

North River Insurance Company, Respondent,

William C. Miles, Respondent.

No. C0–83–1163.

Court of Appeals of Minnesota.

May 8, 1984.

Harold R. Fritz, II, Nisswa, for appellant.

Steven A. Hanson, Brainerd, for Richard E. Wilt, d.b.a. Lakeside Bar, and North River Ins. Co.

John W. Person, Brainerd, for Richard E. Wilt d.b.a. Lakes Side Bar.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

■ This is an appeal from an order of the trial court denying appellant's motion for a new trial. Appellant argued in his motion that the trial court erred in directing a verdict in favor of respondent Lakeside Bar on the issue of innkeeper's liability. Appellant has also raised several new evidentiary issues upon appeal which were not raised in his motion for a new trial. Those issues cannot be considered at this time. *See Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 219 N.W.2d 641 (1974). Respondent Lakeside Bar has contested the timeliness of this appeal. Lakeside has also requested review of an order denying its motion for judgment notwithstanding the verdict on the dram shop claim, but has not argued that issue in its brief. We affirm in part, but reverse and remand on the issue of innkeeper's liability.

## FACTS

On August 16, 1980, very early in the morning, as appellant was leaving the Lakeside Bar with his wife, he was struck in the face by a glass thrown by respondent Miles, who had followed appellant out of the bar into an adjoining alley. Miles had arrived at the bar earlier in an intoxicated state. He testified that while at the Lakeside Bar he was served five or six screwdrivers. There was testimony by employees and bystanders that he was boisterous, rowdy, insulting, obnoxious, and angry while in the bar. Miles testified that he was not asked to leave the bar. He also admitted that he had frequented the bar several times prior to the night in question, and had been involved in arguments, fights, and "slapping matches" in or about the bar.

## ISSUES

I. Was the appeal timely?

II. Did the trial court err in granting a directed verdict in favor of respondent on the issue of innkeeper's liability?

III. Was the verdict in favor of the appellant on the issue of dram shop liability supported by the evidence?

## ANALYSIS

### I.

■ Appellant failed to appeal from the judgment in this matter, but after the expiration of the 90-day appeal period, he did appeal within 30 days of an order of the court denying his motion for a new trial.

Respondent Lakeside claims that appellant should not be able to "extend" the time for appeal. However, in *Honeymead Products Co. v. Aetna Casualty and Surety Co.*, 270 Minn. 147, 132 N.W.2d 741 (1965), the court states that an appeal from a post-judgment order denying a new trial is not barred simply because the time to appeal from the judgment has expired. In addition, the present rules of appellate procedure specifically provide that an appeal may be taken from an order denying a new trial (Rule 103.03(d), Minn.R.Civ.App.P.) and that an appeal from an order may be taken within 30 days after service of notice of that order (Rule 104.01, Minn.R.Civ.App. P.).

### II.

Rule 50.01, Minn.R.Civ.P., sets forth the basis upon which a court may direct a verdict. It has also been stated that a motion for a directed verdict "admits for the purposes of the motion the credibility of the evidence for the adverse party and every inference which may be fairly drawn

from such evidence," although "a court should direct a verdict in favor of the party in whose favor the evidence overwhelmingly preponderates even though there is some evidence in favor of the adverse party." *Zinnel v. Berghuis Const. Co.*, 274 N.W.2d 495, 498 (Minn.1979), quoting *J.N. Sullivan & Assoc. v. F.D. Chapman Const. Co.*, 304 Minn. 334, 231 N.W.2d 87 (1975).

 The court directed a verdict in this case on the basis that appellant failed to submit sufficient evidence to establish innkeeper's liability on the part of respondent Lakeside Bar. The elements necessary to prove innkeeper's liability are set forth in *Devine v. McLain*, 306 N.W.2d 827 (Minn.1981). They are as follows:

(a) The proprietor must be put on notice of the offending party's vicious or dangerous propensities by some act or threat;

(b) The proprietor must have an adequate opportunity to protect the injured patron;

(c) The proprietor must fail to take reasonable steps to protect the injured patron;

(d) The injury must be foreseeable.

There is considerable evidence that Lakeside was put on notice of Miles' dangerous propensities. He was offensive, drunk, boisterous, and had a history of rowdiness and fighting in that bar itself. Several decisions have noted that intoxication is an indicator of potential future unpredictable and aggressive behavior. *See, e.g., Klingbeil v. Truesdell*, 256 Minn. 360, 98 N.W.2d 134 (1959); *Priewe v. Bartz*, 249 Minn. 488, 83 N.W.2d 116 (1957); *Sylvester v. Northwestern Hospital of Minneapolis*, 236 Minn. 384, 53 N.W.2d 17 (1952). As stated in *Priewe, supra:*

"In *Sylvester v. Northwestern Hospital* we discussed the disorderly conduct of intoxicated persons and observed, 236 Minn. 389, 53 N.W.2d 20, 'authorities recognize that drunken behavior is unpredictable; also that slight irritations, real or imaginary, may cause outbursts of anger and lead to aggressive acts.' The presence of an intoxicated person upon the premises immediately exposes the proprietor to the hazards of liability resulting from the unpredictable conduct of such person, and when it appears that such intoxicated person might cause a disturbance or harm other patrons, the proprietor is obligated to do something more than request such a person to leave. There must be some affirmative action to maintain order on the premises by demanding that such a person leave or by calling the authorities to enforce such demand." 83 N.W.2d at 120.

The jury could have determined that the proprietor of Lakeside had sufficient time to request Miles to leave the premises. The proprietor could have asked him to leave the premises when he arrived in an intoxicated state. He could have told Miles to leave when he became angry and obnoxious with a waitress and clearly frightened her. He could have also called the police when Miles became rowdy and bellicose.

 One issue which has been raised is whether Lakeside Bar should be liable for the assault which occurred in the alley behind the building, and not within the four walls of the bar. Indeed, all evidence demonstrates that the appellant was assaulted in the public alley, which serviced several drinking establishments.

The only decision in Minnesota which expressly addresses this issue is *Schwingler v. Doebel*, 309 N.W.2d 760 (Minn.1981). In *Schwingler*, as respondent Lakeside notes, the court determined that an assault was not foreseeable because the plaintiff had left the bar, thereby "relieving [the bartender] of the necessity of protecting him by ejecting [the assailant]." 309 N.W.2d at 763.

The facts in *Schwingler* indicate that an employee had suddenly thrown beer in the plaintiff's face, whereupon the plaintiff threw his beer at the employee and immediately left. Before that incident there had been no evidence of any behavior which might put the bar on notice that the employee would act violently. The court concluded that because the plaintiff's departure had ended the confrontation, the sub-

**110**

sequent attack across the street by the employee was unforeseeable.

In the instant case a jury could reasonably find that William Miles should have been ejected before the appellant left. In addition, there had been no confrontation which had "ended," as in *Schwingler.* Rather, William Miles, after pounding on the bar and acting angry and intoxicated, and after having been requested to leave, verbally abused the appellant in a loud and drunken manner and proceeded to follow him out the door.

### III.

■ In response to this appeal, respondent Lakeside Bar has requested review pursuant to Rule 106, Minn.R.Civ.App.P. of an order of the trial court which denied the respondent's motion for judgment notwithstanding the verdict on the dram shop claim. Contrary to the respondent's claim, there is considerable evidence in the record demonstrating that Miles, while intoxicated, had been served at least one alcoholic beverage by the Lakeside Bar. Finally, the trial court did not abuse its discretion in denying the respondent's alternate motion for a new trial. The verdict was supported by the evidence, and the damages awarded do not appear to be excessive or the result of passion or prejudice.

### DECISION

The order of the trial court denying appellant's motion for a new trial is reversed and the case is remanded for trial on the issue of innkeeper's liability. In all other respects, the order of the trial court is affirmed.