In re the Marriage of Gareth Norman **IVERSON, Respondent,**

v.

**Virginia Helen IVERSON, Appellant.**

No. C6–88–2241.

Court of Appeals of Minnesota.

Dec. 6, 1988.

---

Dianne Wright, Janecek & Wright, New Brighton, for respondent.

John Warchol, Warchol, Berndt & Hajek, Minneapolis, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ., without oral argument.

### SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

A dissolution judgment was entered on June 10, 1988. Appellant's motion for amended findings or a new trial was denied by order on September 28. (The trial court did correct two clerical errors.) This appeal was filed on October 27 from the order denying a new trial. Respondent moves to dismiss for failure to timely appeal from the judgment.

### DECISION

An appeal may be taken from a judgment within 90 days after its entry. Minn.R.Civ.App.P. 104.01. The last day to appeal from the June 10 dissolution judgment in this case was September 8. No appeal has been taken from the judgment.

The denial of a motion for a new trial is separately appealable. Minn.R.Civ.App.P. 103.03(d). An appeal may be taken from an order denying a new trial within 30 days after the adverse party serves written notice that the order has been filed. Minn.R. Civ.App.P. 104.01. This appeal period is independent of the time to appeal from the judgment. "An appeal from a post-judgment order denying a new trial is not barred simply because the time to appeal from the judgment has expired." *Alholm v. Wilt*, 348 N.W.2d 106, 108 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Sept. 12, 1984) (citing *Honeymead Products Co. v. Aetna Casualty & Surety Co.*, 270 Minn. 147, 132 N.W.2d 741 (1965)).

On appeal from the denial of a motion for a new trial, only those matters specifically alleged in the motion to constitute error may be reviewed. *Schaust v. Town Board of Hollywood Township*, 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973). Where the time to appeal from the judgment has expired and counsel failed to specifically identify grounds for a new trial in the motion, a party may be precluded from raising some issues on appeal from the denial of a new trial. *See In re Estate of Williams*, 217 Minn. 634, 13 N.W.2d 736 (1944) (denial of new trial must be affirmed if motion failed to identify specific grounds). However, that does not appear to be true in this case. A timely and proper appeal was taken from the September 28 order denying a new trial and respondent is not entitled to dismissal.

Motion to dismiss denied.