Alan G. CARLSON, et al., Petitioners,
Appellants,

v.

Harold and Margaret PANUSKA,
Respondents.

No. C0–95–2531.

Supreme Court of Minnesota.

Nov. 27, 1996.

Review Denied Jan. 10, 1997.

Best & Flanagan, Robert L. Meller, Jr., Rider, Bennett, Egan & Arundel, Eric J. Magnuson, Minneapolis, for petitioners, appellants.

Briggs and Morgan, Margaret K. Savage, Janel E. LaBoda, Margo L. Coyle, Minneapolis, for respondents.

OPINION

PAGE, Justice.

This appeal arises out of the purchase of a parcel of real property located in Orono, Minnesota. Alan Carlson and Kingsbridge Properties, Inc. (Carlson) bought the property in 1989 from Dr. and Mrs. Harold Panuska (the Panuskas) with the intent of developing it into single-family homesites. Carlson filed a complaint in Hennepin County District Court on October 16, 1992, alleging several causes of action based on fraud in the sale of the property.[1]

Carlson moved for a default judgment on June 2, 1994, based on Minn. R. Civ. P. 37 and 41.[2] The Panuskas filed a memorandum

---

1. Carlson's complaint alleged two counts of intentional misrepresentation, negligent misrepresentation, unlawful practices, consumer fraud, failure of consideration, breach of contract, negligence, and breach of express warranties. The claims arose from the Panuskas' alleged failure to disclose their knowledge of a Minnesota Department of Transportation plan to relocate U.S. Route 12 through the property.

2. Minn. R. Civ. P. 37.02 provides, in part:
   (b) Sanctions by Court in Which Action Is Pending. If a party * * * fails to obey an order to provide or permit discovery, * * * the

along with a supporting affidavit and appeared with counsel at the hearing on Carlson's motion for the default judgment. At the hearing, the Panuskas argued that the default judgment should not be entered. The district court directed entry of judgment in favor of Carlson. The district court's decision was based on the Panuskas' discovery abuses and their repeated and willful violations of court orders. The court stated that "[a]warding Plaintiffs their requested judgment by default pursuant to Rules 37.02(b) and 41.02 * * * is not only appropriate, but necessary given the severe and permanent prejudice to Plaintiffs and the clear warning to Defendants." The Panuskas did not appeal the entry of the default judgment. On September 25, 1994, the time limit for appealing the judgment expired and the judgment became final.

On November 2, 1995, after a year of collateral proceedings and continuances, the district court denied the Panuskas' amended motion to vacate the default judgment. On November 30, 1995, the Panuskas appealed the denial of the amended motion to vacate to the court of appeals pursuant to Minn. R. Civ.App. P. 103.04. On December 26, 1995, Carlson filed a motion with the court of appeals to strike the Panuskas' notice of appeal based on his contention that an order denying a motion to vacate a default judgment is not appealable. The court of appeals denied Carlson's motion, finding that an order refusing to vacate a default judgment is appealable. We granted Carlson's petition for further review and the court of appeals subsequently stayed all proceedings pending our resolution of the appealability issue. We now reverse the court of appeals and dismiss the Panuskas' appeal.

As a general rule, an order denying a motion to vacate a final judgment is not appealable. *Angelos v. Angelos,* 367 N.W.2d 518, 519 (Minn.1985). "The word 'final' when used to designate the effect of a trial court's judgment or order means that the matter is conclusively terminated so far as the court issuing the order is concerned." *City of Chaska v. Chaska Township,* 271 Minn. 139, 142, 135 N.W.2d 195, 197 (1965). The proper appeal from a final judgment is from the underlying judgment itself. *LaFond v. Sczepanski,* 273 Minn. 293, 295–96, 141 N.W.2d 485, 487 (1966). If the appeal is one from an order denying a motion to vacate an authorized judgment upon grounds reviewable by appeal from the judgment, the order is not appealable. *Id.* The law permits no other method of review to vacate or modify the judgment. *Weckerling v. McNiven Land Co.,* 231 Minn. 167, 171, 42 N.W.2d 701, 703 (1950). The purpose of this rule is to prevent an extension of the time to appeal the original judgment by filing a motion to vacate. *Lyon Development Corp. v. Ricke's, Inc.,* 296 Minn. 75, 79, 207 N.W.2d 273, 275 (1973).

We considered the appealability of orders refusing to vacate a default judgment in *Kottkes' Bus Co. v. Hippie,* and noted an exception to the rule that orders refusing to vacate authorized judgments are not appealable. In *Kottke's Bus Company,* we stated that:

A default judgment entered against a party who has made no appearance in the action may escape the attention of that party until the time for appeal has expired. Since it is made *ex parte,* probably no appeal can be taken directly from such a default judgment. * * * On the other hand, a judgment by default entered against a defendant who has appeared in the action does not present the same problems. He has actual notice of the proceedings against him. Since it is not *ex parte,* an appeal is available directly from the judgment. In such case the appeal * * * serves no useful purpose.

court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \* \* \* \*

(3) An order striking pleadings or parts thereof, staying further proceedings until the order is obeyed, dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Minn. R. Civ. P. 41.02 provides, in part:

(a) The court may upon its own initiative, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

286 Minn. 526, 527, 176 N.W.2d 752, 753 (1970) *quoting* Note, *Appealable Orders, Prohibitions, and Mandamus in Minnesota*, 51 Minn. L.Rev. 115, 129 (1966). We further clarified the issue in *Spicer v. Carefree Vacations, Inc.*, stating that:

> The appealability of an order refusing to vacate a default judgment does not depend on whether a defendant had actual knowledge of the suit before the time to appeal from the judgment has expired. The critical factor is whether [the] defendant participated in the original action so that an appeal from the judgment would also raise the propriety of its vacation.

370 N.W.2d 424, 425 (Minn.1985). In *Spicer*, the moving party had made no appearance prior to the entry of the default judgment and thus, no evidence existed in the record with respect to the merits of the claim that the default should be vacated. *Id.* Thus, we held that an order refusing to vacate a default judgment is appealable under Minn. R. Civ.App. P. 103.03(e) when the default judgment is issued ex parte. Our decision in *Spicer* did not, however, alter the general rule set out in *Kottke's Bus Company* that the denial of a motion to vacate a default judgment is not appealable when the party appealing the default judgment appeared and participated in the underlying action.

Because the Panuskas filed a memorandum and supporting affidavit, were represented by counsel, and appeared at the hearing on Carlson's motion for a default judgment, and because they had ample opportunity to appeal the default judgment but voluntarily chose not to pursue such an appeal, the decision of the court of appeals is reversed and the Panuskas' appeal of the denial of their motion to vacate the default judgment is dismissed.

Reversed.

STRINGER and BLATZ, JJ., took no part in the consideration or decision of this case.