**Gabriel R. LIMONGELLI,
et al., Appellants,**

**v.**

**GAN NATIONAL INSURANCE
COMPANY, Respondent.**

**No. C8–98–2324.**

Court of Appeals of Minnesota.

March 23, 1999.

Douglas E. Schmidt, Schmidt & Coughlin, Minneapolis, for appellants.

Eric J. Magnuson, Deborah Causey Eckland, Karen Imus Johnson, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered at Special Term and decided by TOUSSAINT, Chief Judge, HARTEN, Judge, and SHUMAKER, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Appellants Gabriel and Laurie Limongelli brought a breach of contract action for underinsured motorist benefits against respondent GAN National Insurance Company. By order filed March 31, 1998, the district court granted respondent's motion for summary judgment. Judgment was entered on April 6, 1998.

By letter dated April 27, 1998, appellants requested reconsideration of the judgment pursuant to Minn. R. Gen. Pract. 115.11. The district court set the matter on for rehearing on June 15, 1998.

On June 25, 1998, appellants' counsel wrote a letter to the district court indicating that due to an error by counsel's staff, respondent's counsel had not been notified of the hearing. Appellants' counsel indicated that

he had been advised that no new hearing dates would be available until after July 6, 1998. Appellants' counsel requested that the district court vacate the April 6, 1998, judgment in order to "preserve the right of appeal."

By order on June 30, 1998, the district court vacated the April 6, 1998, judgment and set the motion for reconsideration on for hearing on July 17, 1998. On August 31, 1998, the district court issued an order denying the motion for reconsideration and directing entry of judgment. A judgment denying the motion for reconsideration was entered on September 21, 1998.

This appeal, filed December 18, 1998, is taken from the September 21, 1998, judgment. This court questioned whether the September 21, 1998, judgment denying reconsideration is appealable and, if not, whether judgment on the merits had been entered. Respondent moved to dismiss the appeal as untimely, arguing that the district court lacked authority to vacate the April 6, 1998, judgment. The parties submitted jurisdiction memoranda, and appellants filed a response to the motion to dismiss.

## DECISION

■ Under the appellate timing rule in effect prior to January 1, 1999, the time to appeal a judgment expired 90 days after its entry, unless a different time was provided by law.[1] *See* former Minn. R. Civ.App. P. 104.01. Unless properly vacated, the time to appeal the April 6, 1998, judgment expired on Monday, July 6, 1998, which was 90 days after its entry. *See* Minn. R. Civ.App. P. 126.01; Minn. R. Civ. P. 6.01 (last day of period is not included if it falls on Saturday, Sunday, or legal holiday).

■ A motion to "reconsider" is permitted under limited circumstances. *See* Minn. R. Gen. Pract. 115.11 (motions to reconsider are prohibited except by express permission of court, which will be granted only upon showing of compelling circumstances). A motion to reconsider does not toll any time periods or deadlines, including the time to appeal.[2] The purpose of the rule precluding appeal of an order denying a motion to vacate on grounds reviewable by appeal from the judgment is to prevent an extension of the time to appeal the original judgment by filing a motion to vacate. *Carlson v. Panuska,* 555 N.W.2d 745, 746 (Minn.1996).

■ The district court has no power to extend the time for appeal by vacating a judgment after the time for appeal has expired and reentering the judgment. *Tombs v. Ashworth,* 255 Minn. 55, 61, 95 N.W.2d 423, 427 (1959). In this case, the district court vacated the April 6, 1998, order on June 30, 1998, before expiration of the appeal period.

Following *Tombs,* the supreme court held that the time for perfecting an appeal may not be extended by an order of the district court. *Brown's Bay Marine Corp. v. Skrypec,* 271 Minn. 523, 527–28, 136 N.W.2d 590, 593 (1965). In that case, the district court vacated the judgment before the time to appeal had expired because of the pendency of posttrial motions. *Id.* at 524–25, 136 N.W.2d at 591. The prevailing party appealed, arguing that vacation of a judgment can never be justified when the sole object of the proceedings to vacate is to secure an extension of the time within which to seek appellate review. *Id.* at 527, 136 N.W.2d at 593. The court agreed that the *Tombs* rationale applied.

While the case before us is distinguishable from *Tombs v. Ashworth, supra,* in that

---

1. The 1998 amendments to the rules of civil appellate procedure went into effect on January 1, 1999. *See Order Promulgating Amendments to Rules of Civil Appellate Procedure,* No. C4–84–2133 (Minn. July 7, 1998). Under the current rule, an appeal from a judgment may be taken within 60 days after its entry, unless a different time is provided by statute. Minn. R. Civ.App. P. 104.01, subd. 1. The rule also provides that certain "proper and timely" motions extend the appeal time. *Id.,* subd. 2.

2. The list of postdecision motions that extend the appeal time pursuant to rule 104.01, subdivision 2, does not include motions for reconsideration, because these motions are not required by the rules and cannot be made without the district court's permission. Minn. R. Civ.App. P. 104 1998 advisory comm. cmt.

here the judgment was vacated before the time to appeal had expired, it is highly doubtful that the reasoning supporting the decision in the *Tombs* case would permit a difference in result depending on the time the motion is made when the clear purpose of the motion, and the only reason given in justification of it, is to extend the time for appellate review of an anticipated order of the district court.

*Brown's Bay Marine*, 271 Minn. at 528, 136 N.W.2d at 593.

The supreme court also has held that where the right of appeal from an *"unvacated* appealable order has expired, the right of appeal is not revived by a negative order on a second motion for the same relief." *Barrett v. Smith*, 183 Minn. 431, 440, 237 N.W. 15, 19 (1931) (emphasis added). The court indicated that the appeal from the second order would have been timely had the original order been vacated. *Id.* The dicta in *Barrett* regarding the district court's power to vacate an appealable order to prevent expiration of the appeal time is called into question by the supreme court's recent emphasis on the jurisdictional nature of the time to appeal under rule 104.01 and the prohibition against extending that time. *See Marzi-*

*telli v. City of Little Canada*, 582 N.W.2d 904, 907 (Minn.1998).

In this case, the April 6, 1998, judgment remained in effect because the district court lacked authority to vacate it for the purpose of preserving appellant's right to appeal. Because the time to appeal the April 6, 1998, judgment expired before this appeal was filed, we must dismiss. *See* Minn. R. Civ. App. P. 126.02 (time to file notice of appeal may not be extended); *Township of Honner v. Redwood County*, 518 N.W.2d 639, 641 (Minn.App.1994) (court of appeals lacks jurisdiction to consider untimely appeal), *review denied* (Minn. Sept. 16, 1994). The September 21, 1998, judgment denying reconsideration is not independently appealable. *See Carlson*, 555 N.W.2d at 746 (generally, denial of motion to vacate final judgment is not appealable).

**Appeal dismissed.**