STATE OF MINNESOTA

IN SUPREME COURT

A15-0487

FILED

February 26, 2016

OFFICE OF
APPELLATE COURTS

Craig Matthew Hohenwald,

Appellant,

vs.

State of Minnesota,

Respondent.

ORDER

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      The third sentence on page 6 of the opinion filed February 24, 2016, is modified to read as follows: *"See Limongelli v. GAN Nat'l Ins. Co.*, 590 N.W.2d 167, 169 (Minn. App. 1999) (stating that a "judgment denying reconsideration is not independently appealable")."

2.      The attached slip opinion, amended as stated above, shall be substituted for the opinion filed February 24, 2016.

Dated:  February 26, 2016

BY THE COURT:

David L. Lillehaug
Associate Justice

STATE OF MINNESOTA

IN SUPREME COURT

A15-0487

Kanabec County                                                        Lillehaug, J.

Craig Matthew Hohenwald,

                    Appellant,

vs.                                                              Filed: February 24, 2016
                                                                Office of Appellate Courts
State of Minnesota,

                    Respondent.

_____

Zachary A. Longsdorf, Longsdorf Law Firm, PLC, Inver Grove Heights, Minnesota, for appellant.

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, Saint Paul, Minnesota; and

Barb McFadden, Kanabec County Attorney, Mora, Minnesota, for respondent.

_____

S Y L L A B U S

A motion to reconsider a final order in a postconviction case does not toll the time period to appeal.

Motion to dismiss granted; appeal dismissed.

Considered and decided by the court without oral argument.

1

OPINION

LILLEHAUG, Justice.

In this postconviction matter we consider whether a motion to reconsider an order denying relief tolls the time period to appeal the order. Because we conclude that it does not, we must dismiss this appeal.

I.

In 2010, following a bench trial, the district court found Craig Matthew Hohenwald guilty of four counts of first-degree murder and two counts of second-degree murder for the stabbing deaths of Larry and Lois Steenerson. The district court convicted Hohenwald on two counts of first-degree murder and sentenced Hohenwald to two consecutive life sentences without the possibility of release. On July 11, 2012, we affirmed Hohenwald's conviction on direct appeal. *State v. Hohenwald*, 815 N.W.2d 823 (Minn. 2012).[1]

On July 11, 2014, Hohenwald filed a pro se petition for postconviction relief alleging newly discovered evidence and ineffective assistance of trial counsel. By order dated October 24, 2014, the district court denied the petition, explaining that the claim of newly discovered evidence failed on its merits and that the claim of ineffective assistance of trial counsel was *Knaffla*-barred. *See State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

---

[1]    Our opinion on the direct appeal contains a detailed factual description of the murder and the evidence presented at trial. We limit our discussion here to facts directly relevant to this appeal.

2

Three days later, on October 27, 2014, Hohenwald filed a pro se amended postconviction petition. The proposed amendment contained new exhibits and examples to support his claims. In an order dated October 28, 2014, the district court denied Hohenwald's amended petition as untimely.

On November 21, 2014, Hohenwald filed a pro se "motion to reconsider" the order that denied his amended petition for postconviction relief. On November 24, 2014, Hohenwald filed a pro se "motion to reconsider" the order that denied his initial postconviction petition. On January 16, 2015, the district court denied both motions, stating that no new claims had been raised and concluding that there were no grounds to grant an evidentiary hearing.

Hohenwald subsequently obtained counsel. On March 16, 2015, almost five months after the two October 2014 orders were filed, Hohenwald appealed from the October 2014 orders and from the January 2015 order. The State moved to dismiss Hohenwald's appeal on two grounds: (1) Hohenwald failed to appeal the October 2014 orders within 60 days after their entry as required by Minn. R. Crim. P. 29.03, subd. 3(d); and (2) the January 2015 order denying the motions to reconsider was not appealable. We deferred our ruling on the State's motion to dismiss and directed the parties to address, in addition to the merits of the appeal, the following two questions: (1) whether we should construe Hohenwald's motions to reconsider as subsequent petitions for postconviction relief; and (2) if so, what the effect would be on our authority to review the district court's October 2014 orders.

II.

We begin our analysis with the first question we asked the parties to address: whether Hohenwald's motions for reconsideration should be construed as subsequent petitions for postconviction relief. We asked the question because in the context of postconviction proceedings, we read the pleadings of pro se petitioners with "an understanding eye." *Leake v. State*, 737 N.W.2d 531, 540 n.3 (Minn. 2007); *see also* Minn. Stat. § 590.03 (2014) (providing that "[t]he court shall liberally construe the petition and any amendments thereto and shall look to the substance thereof and waive any irregularities or defects in form").

Hohenwald responded that his motions to reconsider should *not* be treated as petitions for postconviction relief, but instead should be treated as motions to reconsider or as motions for a new trial.[2] The State argued the motions should be treated as motions for reconsideration. As neither party considers the motions for reconsideration to be new petitions, we will not treat them as such.[3]

III.

"An appeal by a defendant from an adverse final order in a postconviction proceeding in a first-degree murder case must be filed within 60 days after its entry." Minn. R. Crim. P. 29.03, subd. 3(d). The time to appeal is jurisdictional. *Ford v. State*,

---

[2]     Hohenwald's suggestion that his motions to reconsider should be construed as motions for a new trial based on newly discovered evidence is baseless.

[3]     To do otherwise would require us to ignore the captions of the motions, which are plainly styled as motions to reconsider, and disregard that they do not include new grounds or arguments for relief.

690 N.W.2d 706, 709 (Minn. 2005). Hohenwald did not appeal the October 2014 orders within 60 days. Consequently, his appeal of those orders is untimely in the absence of an event that tolled the time period for filing an appeal.

We must now consider whether Hohenwald's motions to reconsider tolled the time period for appeal. The Minnesota Rules of Criminal Procedure are silent on this subject. In such a situation, the criminal rules direct us to the Minnesota Rules of Civil Appellate Procedure. *See* Minn. R. Crim. P. 29.01, subd. 2.

Minnesota Rule of Civil Appellate Procedure 104.01, subdivision 2, lists the types of motions that toll an appeal deadline, and a motion to reconsider is not among them. The 2008 Advisory Committee comment on Rule 104 states that this omission is purposeful: a motion to reconsider does not toll the time to appeal.[4] As we have explained, when a party seeks reconsideration of an appealable order, the proper procedure is to file a notice of appeal and then move to stay the appeal pending the district court's decision on the motion to reconsider. *Marzitelli v. City of Little Canada*, 582 N.W.2d 904, 907 (Minn. 1998). Hohenwald did not follow this procedure. Because filing a motion to reconsider does not toll the time period for filing an appeal, and because Hohenwald waited to appeal until 5 months after his postconviction petition was denied, the appeal is not timely. *See also* Minn. R. Civ. App. P. 126.02 (stating the court "may not extend . . . the time for filing the notice of appeal").

---

[4] Although comments on rules are not binding on us, they do provide guidance. *See State v. Pero*, 590 N.W.2d 319, 326 (Minn. 1999).

Finally, we consider whether Hohenwald may appeal from the denial of his motions for reconsideration. He may not. *See Limongelli v. GAN Nat'l Ins. Co.*, 590 N.W.2d 167, 169 (Minn. App. 1999) (stating that a "judgment denying reconsideration is not independently appealable").

To summarize, Hohenwald had 60 days to appeal from the October 2014 orders. Instead, he waited nearly 5 months before he filed his untimely appeal. Further, the district court's January 16, 2015 order was not appealable at all. Accordingly, we do not have jurisdiction over this appeal and the motion to dismiss must be granted.

Appeal dismissed.