## LOUISE M. ARNOLDY AND ANOTHER v. NORTHWESTERN STATE BANK AND ANOTHER.[1]

### May 29, 1919.

### No 21,105.

**Appeal and error — order not appealable.**

1. An order for judgment on the pleadings is not appealable An appeal lies from the judgment.

**Same — ruling on evidence — bill of exceptions.**

2. A ruling on evidence is not appealable, though it be a ruling excluding all evidence because of the insufficiency of the facts stated in the complaint, and though the ruling be embodied in a formal written order. The error claimed may be preserved by bill of exceptions or settled case and reviewed on appeal from the judgment or from the order on a motion for a new trial.

**Same — dissolution of temporary injunction.**

3. An order dissolving a temporary injunction is appealable, but, when its vacation is incidental to the order for judgment on the pleadings, no judgment is entered from which an appeal can be taken, no record is returned of the proceedings upon which the injunction was granted, and none as to the proceedings when it was vacated except the order of vacation, there is nothing presented for review.

Acton in the district court for Hennepin county by Louise M. Arnoldy and Arthur M. Arnoldy to restrain defendants from interfering with plaintiffs' property and levying thereon by virtue of an execution against John Arnoldy. From an order, Hale, J., sustaining defendants' objection to the introduction of evidence on the part of plaintiffs, granting defendants' motion for judgment on the pleadings, and vacating the temporary injunction, plaintiffs appealed. Dismissed.

[1]Reported in 172 N. W. 699.

*Mathias Baldwin,* for appellants.

*M. H. Boutelle* and *A. M. Higgins,* for respondents.

DIBELL, J.

Action to restrain the defendants from levying an execution against a third person upon property of the plaintiffs. The defendant bank is the judgment creditor of one John Arnoldy, and the defendant Langum, the sheriff of Hennepin county, has in hand the execution.

The appeal is from an order the material part of which is as follows:

"Before proceeding to the trial, the defendants objected to any evidence being introduced, and for judgment on the pleadings, on the ground that the court could not try in this case the title to the property in question, so as to determine who was entitled to the same; and the court after hearing the arguments of counsel and being fully advised in the premises doth order and decree, that said motion be and the same is hereby granted and the objection to the introduction of evidence sustained. And it is further ordered, on motion of defendants, that the temporary injunction heretofore granted be and the same is hereby vacated."

Judgment has not been entered. There is no settled case. There has been no motion for a new trial. None of the proceedings which terminated in the temporary injunction are before us and no record of what was before the court when it was vacated except as the order recites.

1. An order granting a motion for judgment on the pleadings is not appealable. Supornick v. National Council, 141 Minn. 306, 170 N. W. 507; County of Renville v. City of Minneapolis, 112 Minn. 487, 128 N. W. 669, and cases cited. An appeal lies from the judgment.

2. A ruling at the trial on evidence is not appealable. Hulett v. Matteson, 12 Minn. 227 (349). The error claimed can be preserved by a bill of exceptions or settled case and reviewed on an appeal from the judgment or from the order on a motion for a new trial. Incorporating a statement of the ruling in a formal order, as was done in this case, does not make the ruling or the order appealable.

3. An order dissolving a temporary injunction is appealable. G. S. 1913, § 8001; 1 Dunnell, Minn. Dig. § 297.

The only information we have of the temporary injunction is that

given in the order quoted above. Neither the injunction nor the proceedings upon which it was granted are returned. Apparently the order vacating it was made as a matter of course in view of the order for judgment on the pleadings and it was purely incidental. The court exercised no discretion. At least we have no record of it. Necessarily the injunction would fall when final judgment was entered. In this condition of the record the propriety of the temporary injunction is not open to review.

If judgment had been entered, or a motion for a new trial had been made and a ruling had, and the appeal had been from the judgment, or the order on the motion, something would have been presented for review. There is nothing as the record now is.

Appeal dismissed.