JOHN ARNDT v. MINNESOTA EDUCATION ASSOCIATION.

134 N. W. (2d) 136.

March 26, 1965—No. 39,811.

*Robert R. Pflueger,* for appellant.

*William E. Holcomb* and *Sanborn, Jackson & Rice,* for respondent.

NELSON, JUSTICE.

The plaintiff, John Arndt, appeals from a judgment entered on October 14, 1964. The notice of appeal was served upon the defendant, Minnesota Education Association, by mail on January 26, 1965, 104 days after the entry of the judgment. Defendant moves to dismiss the appeal because of plaintiff's failure to take it within 90 days following the entry of judgment.

Minn. St. 605.08, subd. 1, as amended by L. 1963, c. 806, § 7, provides: "An appeal from a judgment may be taken within 90 days after the entry thereof, * * *." The statutory limitation of time within which to appeal from a judgment was therefore reduced by the legislature from the former period of 6 months to 90 days.

It is well established by the decisions of this court that the statutory limitation of time within which an appeal may be taken from an appealable order or from a judgment is jurisdictional. Neither the supreme court nor the district court can extend the time for an appeal. We have held that the limitation of time is so far jurisdictional that the parties cannot waive the objection or by stipulation clothe this court with authority to determine a belated appeal. Thus, admission of due service of a notice of appeal does not give validity to an appeal taken after the statutory time. We have no authority to do more than dismiss an appeal taken after the statutory time. See, 1 Dunnell, Dig. (3 ed.) § 318, and cases cited.

In The Jesmer Co. v. Wurdemann-Hjelm Corp. 250 Minn. 485, 85 N. W. (2d) 207, 208, we said:

"Although limitations upon the time for taking an appeal are to be liberally construed to avoid a forfeiture of the right of appeal, neither the supreme court nor the district court can extend the time for appeal by a stay of proceedings or by any order designed to accomplish that purpose directly or indirectly."

Other recent cases supporting the rule above stated are: Tryggeseth v. Norcross, 262 Minn. 440, 115 N. W. (2d) 56; Independent School Dist. No. 857 v. Seem, 263 Minn. 170, 116 N. W. (2d) 395; Kearns v. Julette Originals Dress Co. 267 Minn. 278, 126 N. W. (2d) 266.

In his memorandum opposing the motion to dismiss, plaintiff acknowledges the existence of numerous decisions of this court holding that an appeal cannot be taken after the statutory period has elapsed, but suggests that those decisions were rendered under the prior statute, which allowed a period of 6 months to appeal from entry of a judgment. He suggests that since the time has been cut from 6 months to 90 days this court ought to take a liberal view in giving its consideration to the appeal here involved because of the change in the statutory

time and the relatively short period that has elapsed since the entry of judgment. He suggests also that defendant would not be prejudiced by our allowing the appeal.

In cases of this nature this court is subservient to the legislative power. The legislature fixes the time in which an appeal must be perfected. Unless the prescribed statutory period is complied with, this court loses jurisdiction and nothing is left to the exercise of its discretion after time for appeal has expired. We have no choice but to dismiss the present appeal since it was not taken within 90 days from entry of judgment.

Appeal dismissed.