MATHIAS S. SCHAUST AND ANOTHER v. TOWN BOARD
OF HOLLYWOOD TOWNSHIP, CARVER COUNTY.

204 N. W. 2d 646.

February 23, 1973—No. 43016.

*Koll, Fahlgren & Hartfeldt, James W. Fahlgren, Will Hartfeldt, Dahl, Perkins & Lilja,* and *Thomas P. Lilja,* for appellants.

*Robert A. Nicklaus* and *Dwight J. Leatham,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Schultz, JJ. Reconsidered en banc.

PER CURIAM.

Appeal from an order denying a motion for a new trial and from the judgment.

Plaintiffs, Mathias S. Schaust and Walter Barfnecht, brought this suit to prohibit defendant, Town Board of Hollywood Township, Carver County, from altering and widening a township road which adjoined plaintiffs' property. The trial court granted a temporary injunction. After trial without a jury, judgment was ordered vacating the temporary injunction. Plaintiffs made a motion for a new trial based on newly discovered evidence. The motion was granted as to damages but denied as to injunctive relief.

Plaintiffs appeal from the denial of the motion for a new trial and from the judgment, contending that the uncompensated taking of roadside property pursuant to Minn. St. 160.05 is unconstitutional.[1] Review on an appeal from an order denying a new trial is limited to those grounds assigned as error in the notice of motion. In re Application of Rein to Register Title, 275 Minn. 79, 145 N. W. 2d 537 (1966); 1 Dunnell, Dig. (3 ed.) § 395. Since the motion for a new trial was based solely on newly discovered evidence and did not question the constitutionality of the taking, the constitutional issue is not within the scope of our review of the order denying that motion. Since plaintiffs stated no ground for a new trial as to injunctive relief, no question of law is raised. We therefore affirm the trial court's order denying a new trial as to injunctive relief. Julius v. Lenz, 212 Minn. 201, 3 N. W. 2d 10 (1942).

The notice of appeal also states the appeal is from the judgment. According to the file before us, however, the judgment has not been entered. A judgment is not effective until entered. Rule 58.01, Rules of Civil Procedure. Thus, an appeal from a judgment prior to its entry is

---

[1] Minn. St. 160.05, subd. 1, provides: "When any road or portion thereof shall have been used and kept in repair and worked for at least six years continuously as a public highway, the same shall be deemed dedicated to the public to the width of two rods on each side of the center line thereof and be and remain, until lawfully vacated, a public highway whether the same has ever been established as  public highway or not; provided, that nothing herein contained shall impair the right, title, or interest of the water department of any city of the first class secured under Special Laws 1885, Chapter 110. This subdivision shall apply to roads and streets except platted streets within cities, villages, and boroughs."

premature and should be dismissed. Hampshire Arms Hotel Co. v. Wells, 210 Minn. 286, 298 N. W. 452 (1941).

At the oral argument, plaintiffs stated the appeal was from the *order* for judgment. Even if we accept this oral revision of the written terms of the notice of appeal, the appeal from the order for judgment is not timely.[2] Rule 104.01, Rules of Civil Appellate Procedure, requires that an appeal from an order be within 30 days after service of written notice of filing thereof by the adverse party. The order for judgment in favor of defendant is dated October 16, 1970. Defendant served written notice on plaintiffs by mail on October 27, 1970. The notice of appeal is dated January 12, 1971, more than 2 months after defendant served the written notice of the order for judgment. The limitation of time within which an appeal may be taken from an appealable order is jurisdictional. Arndt v. Minnesota Education Assn. 270 Minn. 489, 134 N. W. 2d 136 (1965).[3] This court cannot extend the time for an appeal. Id.; Rule 126.02, Rules of Civil Appellate Procedure. Thus, we must dismiss this untimely appeal from the order for judgment.

Affirmed as to denial of motion for a new trial; dismissed as to attempted appeal from judgment.

---

[2] Although under Rule 103.03(b), Rules of Civil Appellate Procedure, an appeal can be taken from an order which dissolves an injunction, it is unclear whether an order that judgment be entered dissolving a temporary injunction is appealable. See, Holliston v. Ernston, 120 Minn. 507, 139 N. W. 805 (1913); Arnoldy v. Northwestern State Bank, 142 Minn. 449, 172 N. W. 699 (1919). However, since the appeal from the order for judgment is untimely, we need not reach the question.

[3] The Arndt case was decided pursuant to Minn. St. 605.08, subd. 1. The present Rule 104.01, which superseded the statute, is identical.