Gary **BECKMAN** as Personal Representative for the Estate of Virginia Beckman, Respondent,

v.

**UNIVERSAL ENTERPRISES, INC.,** et al., Appellants.

No. CO–84–2002.

Court of Appeals of Minnesota.

May 14, 1985.

Mark S. Povalski, Minneapolis, for respondent.

Stephan A. Pezalla, Golden Valley, for appellants.

Considered and decided by NIEREN-GARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The shareholders of Universal Enterprises entered into a voluntary liquidation but disputed the proper valuation of the assets. The narrow issue at trial was whether accrued interest on certain promissory notes given by defendant-appellant Universal to defendant-appellant William F. Stake was a valid liability of the corporation. The case was tried to the court without a jury. The court held that the accrued interest was not a liability.

Defendants appealed from a denial of their motion for amended findings of fact, and in the alternative, a new trial based on the ground that the evidence was insufficient to support the findings of fact and the decision. We affirm.

## FACTS

Respondent Gary Beckman (Beckman) is the personal representative for the estate of Virginia Beckman. When this law suit began, Virginia Beckman and Leonard Beckman (now deceased) were 20% shareholders in appellant corporation Universal Enterprises, Inc., a Minnesota corporation (Universal). Appellant Stake Construction, Inc., a South Dakota corporation, (Stake Construction) owned the rest. Appellant William F. Stake (Stake) was the primary shareholder of Stake Construction Co. Appellant Dorothy M. Stake was an officer and director of Universal.

The Beckmans initiated this suit, asking for 50% of the value of Universal's assets, an accounting and other damages. The parties signed a settlement agreement in November of 1981, but a dispute arose on the value of Universal. The assets were to be divided equally between the Beckmans and Stake Construction. Among the Universal corporate debts were promissory notes payable to appellant William Stake and Stake Construction. The notes dated back to 1962 and provided interest which had never been paid. The accrued interest liability of $195,000 had not been shown on Universal's corporate financial records. After the initiation of the law suit, but prior to the settlement agreement, Leonard Beckman died; Virginia Beckman has died since.

At trial, the only issue was whether the accrued interest rates on the promissory notes should be treated as corporate liabilities. Appellants claimed it should; respondent claimed it should not. The trial court found that appellants Stake and Universal had special knowledge of the accrued interest, while Virginia and Leonard Beckman did not. The trial court held that appellants were equitably estopped from claiming the accrued interest as a liability for the purposes of the agreement between the parties to divide the equity of Universal.

## ISSUE

Did the trial court err in denying appellants' motion for a new trial based on insufficiency of the evidence?

## ANALYSIS

■ An appeal from an order denying a motion for amended findings of fact is not an appealable order. *Martensen v. Johnson,* 350 N.W.2d 467, 469 (Minn.Ct. App.1984). Where an order was entered denying an alternative motion for amended findings of fact and conclusion of law or a new trial, the defendant could appeal only from that portion of the order denying a motion for a new trial. *Albertson v. Albertson,* 243 Minn. 212, 67 N.W.2d 463

(1954). The review here is limited to the appeal from the order denying a new trial.

■ Review on appeal from an order denying a new trial is limited to those grounds assigned as error in the notice of the motion. *Schaust v. Town Board,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973); *Rein v. Town of Spring Lake,* 275 Minn. 79, 145 N.W.2d 537 (1966). The only ground appellants assigned as error in the motion for a new trial is that the decision was not justified by the evidence. Therefore, the entire review here must rest on a consideration of the trial court's denial of a motion for a new trial based on the ground of insufficient evidence.

■ The trial court may grant a new trial if the verdict is not justified by the evidence. Minn.R.Civ.P. 59.01(7). Findings of fact by a court will not be reversed unless clearly erroneous in that they are manifestly contrary to the evidence. *Serbus' Estate v. Serbus,* 324 N.W.2d 381 (1982). The appeal court must view the findings in the light most favorable to the prevailing party. *Edin v. Josten's, Inc.,* 343 N.W.2d 691 (Minn.Ct.App.1984). Granting a new trial rests in the discretion of the court; the decision will be reversed only for a clear abuse of that discretion. *City of Ogema v. Bevins,* 341 N.W.2d 298, 299 (Minn.Ct.App.1983).

The following testimony appeared in the record and supports the trial court's decision:

1. The March 1967 audit of Universal by the accounting firm of Rodbart, Simon, & Simal did not disclose the accrual of interest on the promissory notes to Stake Construction and Stake.

2. Mr. Michael Reich, partner in the accounting firm of Alexander Grant & Co. (with whom Rodbart, Simon and Simel merged in 1968) never included the accrued interest on the promissory notes on Universal's financial statements which he prepared from 1970 through 1978.

3. Mr. Kenneth Wejman, a certified public accountant with Alexander Grant & Co. and managing partner of Universal from March 1978 to the present, participated in preparation of Universal's financial balance sheet from 1971 to 1974. The statements he prepared reported the principal amount of the promissory notes as an account payable. Mr. Wejman had reviewed the general ledgers of Universal and never came across an accounting of the accrued interest.

4. Universal and Stake Construction carried the promissory notes as non-interest bearing advances from Stake Construction on the consolidated tax returns filed with the Internal Revenue Service. Kenneth Sayler, bookkeeper and office manager for Stake Construction, stated in his deposition that if the promissory notes were interest bearing, the accrued interest would have to be disclosed to the IRS.

5. Larry Rovang, CPA, testified as an expert witness for respondent. In his opinion, knowledge of the interest bearing requirement on the promissory notes required disclosure by Stake Construction in unaudited financial statements.

6. Appellant William Stake knew of the accrued interest prior to signing the settlement agreement with the Beckmans and did not disclose it.

Viewing the evidence in the light most favorable to the respondent, it is reasonable to conclude that defendant Stake had knowledge of the accrued interest prior to signing the settlement agreement which the Beckmans did not have, and that Universal did not carry the accrued interest on its books as a liability. The district court, as the finder of the facts, was fully justified in reaching the decision it did, and we find no error.

## DECISION

We affirm the decision of the trial court that the accrued interest was not a liability.