**Eugene W. PERCY, Respondent,**

v.

**Charles HOFIUS, Appellant.**

**No. C3–85–433.**

Court of Appeals of Minnesota.

July 16, 1985.

Lyndon F. Larsen, Nelson, Larsen and Bowman, Ltd., International Falls, for respondent.

Richard C. Mollin, International Falls, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

### SUMMARY OPINION
POPOVICH, Chief Judge.

### FACTS
Respondent obtained a default judgment in conciliation court for the claimed unpaid balance on a contract. Appellant filed a notice of appeal and demand for removal in the county court. Respondent argued appellant did not comply with several of the technical requirements of Minn. Conciliation Ct. R. 1.21. Appellant attempted but was unable to serve respondent with the notice within the 10 day period prescribed by rule 1.21 and did not file an affidavit of attempted service. Likewise, appellant did

not file an affidavit that removal was made in good faith or pay the required filing fee. *See* Minn. Conciliation Ct. R. 1.21(2)(c)–(d).

Appellant argued the trial court should permit removal under these circumstances because his failure to comply with the technical requirements of rule 1.21 was excusable and did not prejudice respondent. Appellant contended the trial court should reopen the matter by applying Minn.R.Civ.P. 60.02. Appellant cited *Mattsen v. Packman,* 358 N.W.2d 48 (Minn.1984), as authority for vacating the conciliation court judgment under Minn.R.Civ.P. 60.02. The trial court dismissed the matter because of appellant's failure to comply with the provisions of rule 1.21. The court refused to apply Minn.R.Civ.P. 60.02 stating, "it is the opinion of this Judge that the Supreme Court is not correct in its application of Rule 60.02 to Conciliation Court."

## DECISION

■ The trial court erred by refusing to consider reopening the default judgment pursuant to Minn.R.Civ.P. 60.02.

[T]he [conciliation court] judgment may be re-opened through proceedings to vacate pursuant to Rule 60.02, Minn.R. Civ.P., or, when appropriate, by an independent action to set aside the judgment.

*Mattsen,* 358 N.W.2d at 50, *followed, Hammer v. Soderberg,* 358 N.W.2d 53 (Minn. 1984).

■ In *Taylor v. Steinke,* 295 Minn. 244, 203 N.W.2d 859 (1973), the Minnesota Supreme Court stated:

[T]he goal of all litigation is to bring about judgments after trials on the merits and for this reason courts should be liberal in opening default judgments.

Id. at 246, 203 N.W.2d at 860 (citations omitted). Although appellant failed to comply with all of the requirements of Minn. Conciliation Ct. R. 1.21, his demand for removal was made within 10 days and respondent demonstrated no prejudice from these errors. Under these circumstances, we believe the trial court should have vacated the default judgment and granted appellant's demand for removal. Although a trial court may disagree with the decision of a higher court, a trial court must follow controlling case law. This matter is reversed and remanded for reinstatement of appellant's demand for removal and trial on the merits.

Reversed and remanded.