Estate of Elmer J. SPIESS, deceased, JoAnn B. Carlson, Personal Representative, Respondent,

v.

Frank SCHUMM, Appellant.

No. C3-89-957.

Court of Appeals of Minnesota.

July 3, 1989.

John J. Doherty, Minneapolis, for respondent.

Michael J. Long, Theis & Long, Glencoe, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and SHORT, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

This appeal involves funds held in a payment on death (POD) account established by the decedent, Elmer Spiess. The appellant, Frank Schumm, was named on the account agreement as beneficiary.

Following a trial to the court, judgment was entered determining Spiess intended that Schumm was only to be trustee of a trust account, and that the funds in the POD account were to be distributed to Spiess' heirs. The court therefore imposed a constructive trust upon the funds in the POD account.

Schumm brought a timely motion for a new trial. The motion was denied, and Schumm appealed from the judgment and the order denying his motion for a new trial. This court questioned jurisdiction.

### DECISION

■ In probate matters, only those orders enumerated in Minn.Stat. § 525.71 (1988) are appealable. *In re Estate of Trow*, 361 N.W.2d 436, 437 (Minn.Ct.App. 1985). The time to appeal is set out in Minn.Stat. § 525.712 (1988).

■ Multi-party bank accounts are governed by Minn.Stat. ch. 528. That chapter provides:

> Any transfers resulting from the application of section 528.05 are effective by reason of the account contracts involved and this statute, and are not to be considered as subject to probate except as to the transfers expressly changed by will, as provided for by section 528.05, clause (d).

Minn.Stat. § 528.07 (1988). Minn.Stat. § 528.05(b) (1988) provides for the right of survivorship in situations involving POD accounts. Because section 528.07 specifically provides that right of survivorship in POD accounts is to be determined by chapter 528 and not to be considered as subject to probate, this appeal is not governed by sections 525.71 and 525.712; rather, it is governed by the Rules of Civil Appellate Procedure.

■ Under the Rules of Civil Appellate Procedure, an appeal from a judgment must be taken within 90 days after it is entered. Minn.R.Civ.App.P. 104.01. In this case, the judgment was entered February 1, 1989; a notice of appeal was filed May 26, 1989, which is well past the 90–day limit. The appeal from the judgment is untimely.

■ The appeal from the order denying Schumm's motion for a new trial is autho-

rized by Minn.R.Civ.App.P. 103.03(d). On appeal from an order denying a motion for a new trial, *only* those matters alleged in the motion as error may be reviewed. *Schaust v. Town Board of Hollywood Township,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1975); *Iverson v. Iverson,* 432 N.W.2d 492, 493 (Minn.Ct.App.1988).

Appellant has submitted a copy of his motion for a new trial, which identified as error the issues raised on appeal. Those issues are properly before the court.

This appeal is authorized from the order denying the motion for a new trial.