**Patrick McCLELLAN, Respondent,**

v.

**H.L. "Red" GOLDBERG,
et al., Appellants.**

**No. C6–97–433.**

Court of Appeals of Minnesota.

Sept. 2, 1997.

Brendan W. Randall, Daniel J. Connolly, Faegre & Benson LLP, Minneapolis, for appellants.

Patrick McClellan, Bloomington, pro se.

Considered and decided by HUSPENI, P.J., and KALITOWSKI and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

The district court denied appellants' motion to vacate a conciliation court judgment and to remove the case to district court. Because we hold that appellants' untimeliness in filing the motion did not deprive the district court of jurisdiction, we reverse and remand for a determination of whether the untimeliness was excusable neglect.

## FACTS

Following a hearing, the conciliation court awarded judgment against appellants H.L. Goldberg, et al. The notice of judgment, mailed on November 18, 1996, informed the parties that the last date for filing a demand for removal of the case to district court was December 11, 1996. Appellants' demand for removal arrived at conciliation court on December 12, 1996. Apparently, confusion between counsel for appellants and his support staff was responsible for untimely arrival of the papers. Appellants then moved the district court for an order vacating the conciliation court judgment and permitting a late removal to district court. In denying the motion the district court stated:

> In appeals from district court, probate court and agency decisions, courts have denied appeals filed after the time period designated by rule or statute on the basis of lack of jurisdiction. Jurisdictional time periods are absolute and cannot be extended by discretion of the court under Rule 60.02. * * *

The [appellants] incorrectly rely on *Percy v. Hof[i]us* to contend that this court has jurisdiction. * * * Although the plaintiff in *Percy* won by default judgment, the [appellants] contend that the holding applies to contested cases based on *Mattsen v. Packman* * * *. However, * * * the *Mattsen* court did not specify that Conciliation Court cases which are contested could be re-opened under Rule 60.02. The language is too general to be determinative on this issue.

* * * Even if the Court determined that Rule 60.02 does apply, [appellants] would still not prevail * * *. [U]ntimeliness alone

does not constitute excusable neglect. * * * [Appellants'] counsel explained to the court that he missed the deadline because he filed via U.S. mail instead of having the papers delivered the day they were due. Although unfortunate for the [appellants], this is not excusable neglect.

(Citations omitted.)

## ISSUE

Does the late filing of a demand for removal of a case from conciliation court to district court deprive the district court of jurisdiction?

## ANALYSIS

■ Whether the district court erred in ruling that it did not have jurisdiction over vacating the judgment is a question of law upon which this court may exercise its independent judgment. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

■ The district court based its holding that it had no jurisdiction on the conclusion that a removal from conciliation court to district court is analogous to an appeal from a district court judgment, citing *Arndt v. Minnesota Educ. Ass'n*, 270 Minn. 489, 134 N.W.2d 136, 137 (1965), for the principle that it lacked authority to extend the time for an appeal. We conclude, however, that removal from conciliation court to district court is not analogous to an appeal, and failure to comply with the technical requirements of removal does not defeat jurisdiction. *See Percy v. Hofius*, 370 N.W.2d 490, 491 (Minn.App.1985) (reinstating a demand for removal denied for failure to comply with technical requirements). As the district court noted, the conciliation court judgment in *Percy* was a default judgment, not the result of a contested hearing. We are not persuaded, however, that *Percy* must be restricted to default judgments. Our reluctance to limit *Percy* is supported by *Mattsen v. Packman*, 358 N.W.2d 48, 50 (Minn.1984), a case relied on in *Percy*. In *Mattsen* the court, referring to the conciliation court proceedings, observed that:

> [W]e really do not know **what** was litigated. We can infer from the fact that a judgment has been entered that there has

been a hearing at which one or more of the parties, probably appearing pro se, has each presented his or her version of the facts.

*Id.* The *Mattsen* court, clearly unconcerned about whether the judgment was by default, stated:

> [A] party who is excusably ignorant of the effect of a judgment should have [a] remedy. Relief may be had for cause; the judgment may be reopened through proceedings to vacate pursuant to Rule 60.02 * * *.

*Id.* While this observation in *Mattsen* was dictum, it clearly formed the basis of this court's *Percy* decision. We conclude that appellants' failure to comply with the filing deadline did not deprive the district court of jurisdiction to consider appellants' motion for relief under Minn. R. Civ. P. 60.02.

█ Commendably, the district court did not end its memorandum with the decision that jurisdiction was lacking. The court ruled that even if rule 60.02 applied, its requirements were not met. We believe, however, that a question remains on this issue. The district court's conclusion that the attorney's failure to meet the deadline was not excusable neglect must be re-examined in consideration of Minnesota case law that indicates our reluctance to see clients suffer as a result of counsel's neglect. *See Nguyen v. State Farm Mut. Auto. Ins. Co.,* 558 N.W.2d 487, 491 (Minn.1997) ("Our case law reflects a strong policy favoring the granting of relief when judgment is entered through no fault of the client"); *Charson v. Temple Israel,* 419 N.W.2d 488, 491 (Minn.1988) ("ordinarily courts are loath to 'punish' the innocent client for the counsel's neglect"); *Duenow v. Lindeman,* 223 Minn. 505, 518, 27 N.W.2d 421, 429 (1947) ("Courts will relieve parties from the consequences of the neglect or mistake of their attorney, when it can be done without substantial prejudice to their adversaries.").

█ *Charson* (quoting *Finden v. Klaas,* 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964)) lists the factors a court must consider in exercising its discretion under Minn. R. Civ. P. 60.02 and deciding whether to relieve a client from the consequences of an attorney's neglect: there must have been a reasonable defense on the merits, there must be a reasonable excuse for the failure or neglect to answer, the party must have acted with due diligence after notice of the entry of judgment, and it must be shown that no substantial prejudice will result to the other party. *Charson,* 419 N.W.2d at 491. We remand to enable the district court to address these factors and to decide whether, in light of these factors, appellant is entitled to relief under Minn. R. Civ. P. 60.02.[1]

### DECISION

The district court was not deprived of jurisdiction by appellants' untimely filing of the notice of removal from conciliation court. The case is remanded for the district court to address the merits of appellants' plea for relief under Minn. R. Civ. P. 60.02.

**Reversed and remanded.**

---

1. Respondent argues that he will be prejudiced if the case is removed to district court because he has moved out of state. Respondent did not raise this argument before the district court, and it would be inappropriate for us to address it here for the first time. *See Thiele v. Stich,* 425

N.W.2d 580, 582 (Minn.1988). We note, however, the qualification stated in *Duenow* regarding prejudice to adversaries and believe it appropriate that respondent be permitted to raise the issue of prejudice before the district court on remand.