In re the Marriage of Mary Anne
LEFFLER, petitioner,
Respondent,

v.

Roger George LEFFLER, Appellant.

No. C3–99–345.

Court of Appeals of Minnesota.

Nov. 23, 1999.

Mary C. Lauhead, St. Paul, MN (for respondent).

Roger George Leffler, Fort Des Moines, IA (pro se appellant).

Considered and decided by AMUNDSON, Presiding Judge, LANSING, Judge, and PETERSON, Judge.

## OPINION

LANSING, Judge.

Mary Anne Leffler obtained relief from an automatic stay in Roger Leffler's bankruptcy proceeding to enforce a property disposition in the Lefflers' marital dissolution judgment. Roger Leffler appeals from the dissolution court's order distributing marital property sale proceeds to Mary Anne Leffler. Mary Anne Leffler asserts that only the bankruptcy trustee,

and not Roger Leffler, has standing to appeal. We agree that Roger Leffler does not have standing, and we dismiss the appeal.

## FACTS

In Mary Anne and Roger Leffler's 1996 marital dissolution judgment, the district court awarded Roger Leffler title to property located at 5750 Jefferson Street, Fridley (the Jefferson property), subject to a lien in favor of Mary Anne Leffler. The judgment provided that following sale of the property and satisfaction of the lien, the court would hold the remaining proceeds until Roger Leffler satisfied any outstanding obligations to Mary Anne Leffler.

Before the sale of the Jefferson property, Roger Leffler filed a Chapter 7 bankruptcy petition. The bankruptcy court appointed a bankruptcy trustee and granted Mary Anne Leffler's request for relief from the automatic bankruptcy stay to enforce the property disposition in the judgment. After the sale of the Jefferson property, the district court held a hearing and ordered that the remaining proceeds be distributed to Mary Anne Leffler. Roger Leffler appeals from that order.

## ISSUE

Does a debtor in a bankruptcy proceeding have standing to challenge a district court order distributing a marital asset that is now part of the bankruptcy estate and has not been exempted or abandoned?

## ANALYSIS

A court's jurisdiction to hear a case depends on the existence of a justiciable controversy. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78, 110 S.Ct. 1249, 1253–54, 108 L.Ed.2d 400 (1990). A justiciable controversy exists when there is "a genuine conflict in the tangible interests of opposing litigants." *Izaak Walton League of America Endowment, Inc. v. State, Dept. of Natural Re-sources;* 312 Minn. 587, 589, 252 N.W.2d 852, 854 (1977). A genuine conflict in the interests of opposing litigants is not enough to invoke the court's jurisdiction, however. A litigant must also have standing. *State by Humphrey v. Philip Morris, Inc.*, 551 N.W.2d 490, 493 (Minn.1996). A litigant has standing when he or she has suffered an actual injury or otherwise has a sufficient stake in a justiciable controversy to seek relief from a court. *Cochrane v. Tudor Oaks Condominium Project*, 529 N.W.2d 429, 433 (Minn.App.1995), *review denied* (Minn. May 31, 1995). Our threshold issue is whether Roger Leffler's bankruptcy proceedings deprived him of a sufficient stake in the disposition of the proceeds from the Jefferson property to permit this appeal.

Upon filing a bankruptcy petition, all of the debtor's assets and interests become property of a bankruptcy estate. 11 U.S.C. § 541 (1988). The bankruptcy estate encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also Sundae v. Scot*, 529 N.W.2d 362, 363 (Minn.App. 1995). It also includes any causes of action that have accrued to the debtor. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir.1988); *Sundae*, 529 N.W.2d at 363. Because Roger Leffler's interest in the Jefferson property vested in the bankruptcy estate, he lacks a sufficient stake in this appeal to invoke this court's jurisdiction.

Furthermore, the bankruptcy trustee is the sole representative of the bankruptcy estate. 11 U.S.C. § 323(a) (1988); *In Re Price*, 173 B.R. 434, 440 (Bankr.N.D.Ga.1994). The trustee "has capacity to sue and be sued." 11 U.S.C. § 323(b) (1988). The law clearly establishes that the right to pursue causes of action formerly belonging to the debtor "vests in the trustee for the benefit of the estate." *Bauer*, 859 F.2d at 441; *see also In re Martin*, 201 B.R. 338, 343 (Bankr. N.D.N.Y.1996) ("[o]nly the trustee has the

authority and discretion to prosecute, defend and/or settle, if appropriate in its judgment," causes of action that existed at the time the bankruptcy estate was created); *Price,* 173 B.R. at 440 ("debtor may not unilaterally prosecute a claim that belongs to the estate"); *In re Gulph Woods Corp.,* 116 B.R. 423, 428 (Bankr.E.D.Pa. 1990); *see generally* 3 *Collier on Bankruptcy* § 323 (1996).

■ The federal bankruptcy court lifted the stay in Roger Leffler's bankruptcy proceeding to permit the Anoka County court to proceed on the quiet-title and foreclosure action against the Jefferson property. This relief allowed Mary Anne Leffler to enforce the dissolution judgment's property disposition. But the order lifting the stay contained no provision modifying or relinquishing the bankruptcy trustee's exclusive control over the Jefferson property. On the contrary, the court ordered any party who had an interest in the Jefferson property proceeds (other than Mary Anne Leffler) to petition the bankruptcy court "following the satisfaction of recorded interests against the property in Anoka County." The court also required that all legal documents and notices be filed with the bankruptcy trustee. Thus, despite the order lifting the stay, the trustee remained the successor to all of Roger Leffler's claims to the proceeds from the sale of the Jefferson property and retained the sole capacity to prosecute those claims on behalf of the estate. Roger Leffler, therefore, lacks standing to pursue those claims in this appeal.

■ A debtor retains an interest in property of the bankruptcy estate in two ways after filing for bankruptcy. First, the debtor may claim certain exemptions from the bankruptcy estate. *See* 11 U.S.C. § 522 (1988); *Price,* 173 B.R. at 442. Second, the trustee may clearly and unequivocally abandon property, releasing it back to the debtor. *Estate of B.J. McAdams,* 154 B.R. 809, 811 (1993) (citing *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 525–26 (8th Cir.1991)). Neither exception applies here. When he filed this appeal, Roger Leffler had not claimed an exemption for the Jefferson property and the bankruptcy trustee had not abandoned it. ·We are aware that abandonment proceedings were initiated after the filing of this appeal. But if this court did not have jurisdiction at the time of filing, the appeal is irretrievably defective and must be dismissed. *Schaust v. Town Bd.,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973).

Some case law suggests that a debtor may "participate in litigation if that litigation will generate or protect a surplus in the estate." *In re Gulph Woods Corp.,* 116 B.R. at 428. At least one Circuit Court of Appeals has rejected that theory as precluded by the Bankruptcy Code. *In re Eisen,* 31 F.3d 1447, 1451 n. 2 (9th Cir. 1994). Whether or not such an exception could apply, the record provides no indication that the proceeds from the Jefferson property would create a surplus in Roger Leffler's bankruptcy estate. To the contrary, Roger Leffler indicated in his bankruptcy petition that the estate's assets are insufficient to satisfy unsecured creditors. Thus, we need not decide whether a potential surplus in a bankruptcy estate can confer standing on a debtor.

## DECISION

We conclude that any interest Roger Leffler had in the Jefferson property now belongs to the bankruptcy estate and that only the bankruptcy trustee may represent that interest. Because he no longer has an interest in the property, we hold that Roger Leffler does not have a "sufficient stake" in this appeal to support standing, and we dismiss the appeal.

**Appeal dismissed.**