GLENWOOD INVESTMENT PROPERTIES, L.L.C., et al., Respondents,

v.

CARROLL A. BRITTON FAMILY TRUST, et al., Appellants,

Pierce Serrin, et al., Respondents.

No. A08–0788.

Court of Appeals of Minnesota.

May 5, 2009.

Norman J. Baer, Anthony, Ostlund, Baer, Louwagie & Ross, P.A., Minneapolis, MN, for respondents Glenwood Investment Properties, L.L.C. and Alicia Garatoni.

Harry D. Hohman, Hohman Law Firm, Ltd., Appleton, MN, for appellants.

Jeffrey D. Kuhn, Nelson, Kuhn & Nordmeyer, Ltd., Glenwood, MN, for respondents Pierce Serrin and Carol Serrin.

Considered and decided by KALITOWSKI, Presiding Judge; SCHELLHAS, Judge; and CRIPPEN, Judge.*

## OPINION

SCHELLHAS, Judge.

Appellants challenge the district court's order for partition filed on April 17, 2008. Because the district court filed an order for partition on December 3, 2007, from which no appeal was taken, the order for partition is not reviewable. Because the order for partition is not reviewable, we do not reach the issue of whether partition was proper in this case. Further, we conclude that the district court did not abuse its discretion in the issuance of its subsequent order on April 17, and we affirm.

## FACTS

Appellant Carroll A. Britton Family Trust (the Britton Trust) owned a parcel of land (Parcel A) in the city of Glenwood, Minnesota. A portion of Parcel A—an auto garage—was encumbered by a contract for deed in favor of Pierce Serrin and Carol

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

Serrin, as vendors. Appellant Bonnie L. Kail Irrevocable Trust (the Kail Trust) owns a different parcel of land (Parcel B) in Glenwood, Minnesota. Appellants Harold B. Kail and David Pautz are the named trustees of the Britton Trust. Kail is also the trustee of the Kail Trust. Parcel A contains retail space, an auto garage, and a bare lot; Parcel B contains a single building.

On March 27, 2006, the Britton Trust sold respondent Alicia Garatoni an undivided one-half interest in Parcel A for $470,000 on contract for deed. On the same day, the Kail Trust sold Garatoni an undivided one-half interest in Parcel B for $223,250 on contract for deed. In May 2006, Garatoni transferred her vendee's interest in these contracts for deed to her solely owned company, respondent Glenwood Investment Properties, L.L.C. (Glenwood). Thereafter, the relationship between Kail and Garatoni deteriorated.

In June 2007, Garatoni and Glenwood (collectively respondents) initiated this action against appellants, seeking partition of Parcels A and B, dissolution of partnership, and damages for defamation. Appellants opposed partition. The district court heard respondents' motion for partition on November 21, 2007, and, on December 3, granted the motion for partition and appointed three referees to submit a report to the court describing the subject property, the contracts for deed encumbering it, and recommending how to divide the property between the parties. No party appealed the December 3 order. In their subsequent report, the referees calculated that Garatoni and Glenwood had paid the Britton and Kail Trusts, less interest, $151,802 or 22% of the total of the original contract prices of $693,250. The referees concluded therefore that respondents' one-half interest in Parcels A and B entitled them to 11% of the total market value of Parcels A and B. The referees obtained appraisals of the property and estimated that the total value of Parcels A and B was $420,000. Included in that value is the auto garage, which was determined to have a value of $105,000, subject to the contract-for-deed balance of $82,597.34 owed to the Serrins, leaving $22,402.66 in equity in the auto garage. Based on the appraisals, the referees also estimated that a 50–foot strip of land in Parcel A was worth $27,500 and recommended that this strip of land plus the auto garage be awarded to respondents, who would pay appellants $3,701.50 in owelty and assume the vendee's interest in the contract for deed with the Serrins. The referees' recommendations for partition contemplated that the contracts for deed between appellants and respondents would be canceled.

On April 17, 2008, the district court issued an order confirming the referees' report and dividing the property according to the referees' recommendations. This appeal follows.

## ISSUES

I. Is the district court's December 3, 2007 order for partition reviewable when appellants failed to appeal within 30 days after the filing of the order?

II. Did the district court abuse its discretion in dividing the property according to the referees' recommendations?

## ANALYSIS

### I

■ Partition of real estate is governed by Minnesota Statutes, chapter 558. Section 558.04 provides that "the title to the property and the rights of the parties shall be established by evidence or by the written stipulation of the parties to be affected

thereby." Minn.Stat. § 558.04 (2008). Section 558.04 also provides that, "in a proper case, the court shall render judgment that partition be made accordingly, and shall appoint three disinterested and judicious citizens of the county as referees to make partition and set off the shares of the several persons interested as determined by the judgment." In this case, the district court granted respondents' motion for partition of property on December 3, 2007. In its order, the district court concluded: "Given the state of the parties' business relationship and the detriment to the administration and value of the properties as a result, a partition is necessary in this matter." And, citing section 558.04, the district court appointed three referees to "investigate and submit a report to the court in compliance with Minnesota Statute § 558.06." Respondents argue that appellants are precluded from arguing that partition was improper because they did not timely appeal from the December 3 order.

Minnesota Statutes, section 558.215 (2008), provides that "[a]ny party to any partition proceedings may appeal from any order or interlocutory judgment made and entered pursuant to section 558.04 ... to the court of appeals *within 30 days* after the making and filing of the order or interlocutory judgment." (Emphasis added.) Section 558.215 also provides that "[a]ll matters determined by any order or interlocutory judgment shall be conclusive and binding upon all parties to the proceedings and *shall never be subject to review by the court unless appealed from as provided herein.*" (Emphasis added.) "It is well established ... that the statutory limitation of time within which an appeal may be taken from an appealable order or from a

judgment is jurisdictional. Neither the supreme court nor the district court can extend the time for an appeal." *Arndt v. Minn. Educ. Ass'n,* 270 Minn. 489, 490, 134 N.W.2d 136, 137 (1965); *see also* Minn. R. Civ.App. P. 126.02 (providing that this court "may not extend or limit the time for filing the notice of appeal or the time prescribed by law for securing review of a decision or an order of a court ... except as specifically authorized by law").

Appellants argue that their appeal is taken from the district court's order filed April 17, 2008, not the December 3 order, and that their failure to appeal from the December 3 order does not preclude our review of the April 17 order. They argue that the December 3 order was not made pursuant to section 558.04 and did not mandate partition. Rather, according to appellants' interpretation of the December 3 order, the district court deferred the issue of partition in kind or partition by sale until the submission of the court-appointed referees' report. To support their interpretation of the December 3 order, appellants cite an unpublished opinion, which is neither precedential, Minn.Stat. § 480A.08, subd. 3 (2008), nor persuasive.[1]

The district court titled its December 3 order, "Order on Partition," and concluded that "a partition is necessary in this matter," appointed referees to investigate and submit a report to the court pursuant to Minn.Stat. § 558.04, and specifically granted respondents' motion for partition. We therefore conclude that the December 3 "Order on Partition" was issued by the district court pursuant to Minn.Stat. § 558.04. Because the 30–day limitation period for appeal is established by statute and therefore jurisdictional, *Arndt,* 270 Minn. at 490, 134 N.W.2d at 137, appel-

---

**1.** Appellants cite *County of Blue Earth v. Turtle,* No. C1–98–205, 1998 WL 389080 (Minn. App. July 14, 1998), *review denied* (Minn. Sept. 30, 1998), which states that to be appealable under Minn.Stat. § 558.215, a ruling must mandate either a partition or sale.

lants' failure to timely appeal deprives this court of jurisdiction to review the December 3 order for partition. Our scope of review is therefore restricted to the April 17 order confirming the referees' report and dividing the property according to the referees' recommendations.

## II

A district court is obligated to follow the statutory partition procedure, but within that framework a district court

> may exercise its general equitable powers and resort to the most advantageous plans which the nature of the particular case admits in effecting, without great prejudice to any of the owners, a partition of one or more tracts, whether such partition be accomplished by a division in kind, by sale, or by any practical combination of both methods.

*Swogger v. Taylor,* 243 Minn. 458, 466–67, 68 N.W.2d 376, 383 (1955). A district court's decisions regarding the division of assets in a partition proceeding are within its discretion and should not be reversed absent an abuse of that discretion. *See First Trust Co. of St. Paul v. Holt,* 411 N.W.2d 564, 565 (Minn.App.1987) ("A trial court's decision regarding division of partition sale proceeds should not be reversed absent an abuse of its discretion."), *review denied* (Minn. Nov. 18, 1987). On appeal in a partition action, a district court's findings of fact will not be set aside absent a showing of clear error. *Anderson v. Anderson,* 560 N.W.2d 729, 730 (Minn.App. 1997), *review dismissed* (Minn. May 28, 1997).

Appellants argue that the district court's cancellation of their vendors' interest in their contracts for deed with respondents was an abuse of discretion because the only statutory provision allowing for the cancellation of an existing contract for deed is Minn.Stat. § 559.21, subd. 2a

(2008), which vests the power to cancel an existing contract for deed in the vendor. But "[i]t has been the law in Minnesota since 1891 that the cancellation statute provides a statutory remedy in addition to, rather than exclusive of, cancellation by judicial action." *O'Meara v. Olson,* 414 N.W.2d 563, 567 (Minn.App.1987). We conclude that the district court's cancellation of the contracts for deed was integral to its partition of the property and therefore not an abuse of its discretion.

Appellants also argue that the district court abused its discretion in assigning the vendee's interest in the Serrin contract for deed to respondents. In a partition action, the district court has the power to shift property interests. *See Hunt v. Meeker County Abstract & Loan Co.,* 135 Minn. 134, 136, 160 N.W. 496, 496 (1916) (stating that, where the plaintiff's share of two farms was encumbered by a mortgage before a partition, the mortgage should be shifted to the plaintiff's interest in land after the partition); *Kauffman v. Eckhardt,* 195 Minn. 569, 570, 263 N.W. 610, 610 (1935) (stating that the court's power to shift a mortgage to the share allotted to the mortgagor "is not based upon or qualified by the consent or lack of consent of the mortgagee, if such mortgagee is a party to the partition suit"). In both *Hunt* and *Kauffman,* the supreme court recognized the district courts' power to shift a mortgagee's lien from one portion of property to another as part of a partition action.

Here, the Serrins, as contract-for-deed vendors, were joined in the underlying action and raised no objection to the transfer of the vendee's interest in the contract for deed to respondents. The district court's exercise of its equitable powers freed the Britton Trust from its contractual obligations to the Serrins and appropriately assigned those obligations to respondents,

who were granted ownership of the property that is subject to the Serrin contract for deed. Appellants have failed to demonstrate prejudice as a result of the cancellation of their vendee's interest in the Serrin contract for deed. Based on the broad powers of the district court in a partition action, we conclude that the district court did not abuse its discretion in assigning the vendee's interest in the Serrin contract for deed to respondents. *See Swogger*, 243 Minn. at 466–67, 68 N.W.2d at 383 (stating that a district court in a partition action is allowed to "exercise its general equitable powers and resort to the most advantageous plans which the nature of the particular case admits in effecting, without great prejudice to any of the owners").

 Appellants also argue that the district court abused its discretion in awarding respondents assets only from the Britton Trust. Whatever mode of partition is adopted, it must be capable of execution without advancing the interests of one owner at the expense of the others. *Id.* Appellants note that although Kail is a trustee for both the Kail and Britton Trusts, the trusts are separate and were established for the benefit of two separate people. But appellants do not assert, nor does the evidence indicate, that Kail would be unable to transfer assets from the Kail Trust to compensate the Britton Trust. Moreover, as the district court noted, respondents' contract for deed with the Kail Trust consisted of one asset—a single building with apartments and a store front that the court determined was "impossible to divide." The only feasible means to create a partition in kind was to award respondents the auto garage and to assign them the vendee's interest in the Serrin contract for deed. We conclude that the district court's exercise of its broad equitable powers was proper.

## DECISION

Because the district court's December 3 order for partition is no longer reviewable, and because appellants fail to show that the district court abused its discretion in apportioning the property in its April 17 order, we affirm.

**Affirmed.**