*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0912**

Carroll A. Britton, et al.,
Appellants,

vs.

Harry Hohman, et al.,
Respondents.

**Filed December 29, 2014
Affirmed
Larkin, Judge**

Swift County District Court
File No. 76-CV-13-553

Belvin L. Doebbert, Doebbert Law Offices, Glenwood, Minnesota (for appellants)

Kay N. Hunt, Keith J. Broady, Lommen Abdo Cole King & Stageberg PA, Minneapolis, Minnesota (for respondents)

Considered and decided by Peterson, Presiding Judge; Larkin, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellants challenge the district court's judgment dismissing their legal-malpractice complaint against respondents under Minn. R. Civ. P. 12.02(e) and 12.03. We affirm.

## FACTS

This appeal stems from appellants Carroll A. Britton and Harold B. Kail's[1] legal-malpractice action against respondents Harry Hohman and Harry Hohman Law Firm Ltd. Respondents represented appellants in a partition action in district court. In that action, Alicia Garatoni and Glenwood Investment Properties LLC, petitioned the district court for partition of land that was the subject of contracts for deed between appellants, as vendors, and Garatoni and Glenwood, as vendees. The district court issued an initial order granting partition and appointing referees to make recommendations regarding division of the property. After the referees submitted their report, the district court issued a second order confirming the report and dividing the property according to the referees' recommendations.

In an earlier appeal, this court concluded that it lacked jurisdiction to consider whether the district court's initial order granting partition was proper, because appellants did not timely appeal that order. *Glenwood Inv. Props., L.L.C. v. Carroll A. Britton Family Trust*, 765 N.W.2d 112, 116-17 (Minn. App. 2009). We therefore limited our

---

[1] Britton and Kail appear both in their individual capacities and as parties to various trusts.

review to the district court's second order confirming the referees' report and dividing the property according to the referees' recommendations, and we affirmed that order. *Id.* at 117-18.

Appellants sued respondents for legal malpractice based on respondents' representation of appellants in the partition action, including respondents' failure to timely appeal the initial order granting partition. Respondents moved to dismiss for failure to state a claim under Minn. R. Civ. P. 12.02(e) and for judgment on the pleadings under Minn. R. Civ. P. 12.03. The district court granted the motion and entered judgment dismissing appellants' complaint with prejudice. This appeal follows.

**D E C I S I O N**

Minn. R. Civ. P. 12.02(e) allows a party to assert by motion the defense of "failure to state a claim upon which relief can be granted." "A rule 12.02(e) motion raises the single question of whether the complaint states a claim upon which relief can be granted." *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 739 (Minn. 2000). "A claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014). "To state it another way, under this rule a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded." *N. States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963).

Minn. R. Civ. P. 12.03 provides that any party may move for judgment on the pleadings "[a]fter the pleadings are closed." The standard for relief under rule 12.03 is similar to the standard under rule 12.02(e): "To withstand a motion for judgment on the pleadings, [a plaintiff] must state facts that, if proven, would support a colorable claim and entitle it to relief." *Midwest Pipe Insulation, Inc. v. MD Mech., Inc.*, 771 N.W.2d 28, 31 (Minn. 2009). "When a case is dismissed . . . for failure to state a claim for which relief can be granted, [an appellate court] review[s] the legal sufficiency of the claim de novo to determine whether the complaint sets forth a legally sufficient claim for relief." *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 850 N.W.2d 682, 692 (Minn. 2014).

The district court concluded that appellants failed to state a legal-malpractice claim on which relief could be granted and that respondents were therefore entitled to judgment on the pleadings. The district court noted that the elements of legal malpractice are "(1) the existence of an attorney-client relationship; (2) acts constituting negligence or breach of contract; (3) that such acts were the proximate cause of the plaintiff's damage; and (4) that but for defendant's conduct, the plaintiff would have been successful in the prosecution or defense of the action." *Jerry's Enters., Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 816 (Minn. 2006) (quotation omitted). The district court assumed that appellants' complaint established the first three elements and focused its analysis on the fourth element.

As to the fourth, "but for," element the district court reasoned that the negligence underlying appellants' legal-malpractice claim was based, in part, on respondents' failure

4

to challenge Garatoni and Glenwood's standing to seek partition as contract-for-deed vendees.[2] The district court stated that the issue was "whether partition was appropriate as between a vendor . . . and a vendee . . . in a contract for deed and in a sense, whether [the] vendee had standing to bring a partition action." The district court noted that "[p]artition is available when there is common ownership in property" and that "for purposes of the partition statute, [common ownership] may be based on either legal or equitable title." The district court concluded that "[g]iven Garatoni and Glenwood's considerable equitable interest that was vested," it could not find "that the Court of Appeals would have reversed the district court had [appellants timely] appealed." Essentially, the district court reasoned that appellants could not establish the but-for element of a legal-malpractice claim because they could not establish that they would have been successful in their appeal and that they therefore failed to state a claim on which relief could be granted.

Even though the district court's rule-12 ruling was based on its legal conclusion that Garatoni and Glenwood had standing to seek partition, appellants do not address the merits of that conclusion in this appeal.[3] Instead, they argue that the district court improperly applied rule 12, imposed an "impossible standard" of proving what the outcome of their appeal would have been, and erroneously relied on federal caselaw.

---

[2] Appellants' complaint alleged other failures, but their appellate brief only addresses respondents' failure to challenge standing. We therefore limit our analysis to that issue.

[3] Because appellants have not argued that the district court's legal conclusion regarding standing is erroneous, we do not address the merits of that conclusion. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) ("This issue was not argued in the briefs and accordingly must be deemed waived.").

They frame their arguments as constitutional, asserting that the district court applied a standard that violated their rights "to a certain remedy in the laws," "to obtain justice," and to due process under the Minnesota Constitution. *See* Minn. Const. art. 1, §§ 7, 8.

None of appellants' arguments is persuasive. First, caselaw supports the district court's application of rule 12. In *Minnesota Mining*, the resolution of a defendant's rule-12.02(e) motion depended on the existence of a unilateral contract. 616 N.W.2d at 738-39. The supreme court noted that the existence of a unilateral contract is an issue of law to be resolved by the court. *Id.* at 740. It concluded that the plaintiff could not establish the existence of a unilateral contract under existing caselaw. *Id.* at 745-46. Based on that legal conclusion, the supreme court ordered that the plaintiff's lawsuit be dismissed with prejudice for failure to state a claim on which relief could be granted. *Id.* at 748.

Here, resolution of respondents' rule-12 motion depended on whether appellants would have been successful in the defense of the partition action but for respondents' alleged negligence. *See Jerry's Enters., Inc.*, 711 N.W.2d at 816. Because the alleged negligence is respondents' failure to challenge Garatoni and Glenwood's standing to request partition, in order to meet the but-for element, appellants must show that Garatoni and Glenwood lacked standing. Like the existence of a unilateral contract in *Minnesota Mining*, standing is a question of law to be resolved by the court. *See Schiff v. Griffin*, 639 N.W.2d 56, 59 (Minn. App. 2002) ("Whether a party has standing to sue is a question of law, which we review de novo."). The district court concluded that Garatoni and Glenwood had standing based on their vested equitable interests as contract-for-deed vendees. Having reached that dispositive legal conclusion, the district court properly

6

ordered that appellants' lawsuit be dismissed for failure to state a claim on which relief could be granted. *See Minn. Mining & Mfg. Co.*, 616 N.W.2d at 748.

Second, the district court did not impose an "impossible standard." To obtain relief on their legal-malpractice claim, appellants had to show that but for respondents' conduct, they would have been successful in defending the partition action. *See Jerry's Enters., Inc.*, 711 N.W.2d at 816. In this case, the relevant facts are undisputed and the but-for factor turns completely on a question of law: whether Garatoni and Glenwood had standing to seek partition. The district court based its rule-12 ruling on its legal conclusion that Garatoni and Glenwood had standing and that this court would not have reached a contrary conclusion had there been a timely appeal. The district court's approach reflects proper analysis of the but-for element: given that element, the district court had to assess whether this court would have resolved the standing issue in appellants' favor on appeal.

Third, the district court's citation to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), is not reversible error. *Twombly* held that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570, 127 S. Ct. at 1974. Our supreme court recently declined to adopt the *Twombly* standard. *See Walsh*, 851 N.W.2d at 603 (rejecting the *Twombly* "plausibility standard" in favor of Minnesota's traditional interpretation of Minn. R. Civ. P. 8.01).

Although the district court recited the *Twombly* standard in its supporting memorandum, application of that standard was not necessary to the district court's analysis. Given the but-for element of appellants' legal-malpractice claim, the district

7

court had to assess appellants' likelihood of success on appeal, regardless of the *Twombly* standard. Because the *Twombly* standard was not necessary to the district court's analysis, the district court's reliance on that standard does not provide a basis for relief. *See* Minn. R. Civ. P. 61 (providing that harmless error is to be disregarded); *Katz v. Katz*, 408 N.W.2d 835, 839 (Minn. 1987) ("[Appellate courts] will not reverse a correct decision simply because it is based on incorrect reasons."). Appellants' constitutional arguments, which are based on the district court's application of the *Twombly* standard, therefore fail.

In conclusion, because the district court properly applied rule 12 and appellants do not challenge the merits of the district court's legal determination regarding the dispositive standing issue, we affirm.

**Affirmed.**

8